(No. 14655.—Decree affirmed.)
THE MICHIGAN CENTRAL RAILROAD COMPANY, Appellant, *vs.* PATRICK J. CARR, County Collector, Appellee.

*Opinion filed June 21, 1922.*

1. TAXES—*general rule as to when court of equity will enjoin collection of tax.* A court of equity will exercise jurisdiction to enjoin the collection of a tax where the same is not authorized by law, where it is assessed upon property not subject to taxation and where property has been fraudulently assessed at too high a rate, but the bill must disclose facts showing fraudulent assessment.

2. SAME—*when bill to enjoin collection of tax against railroad company is subject to demurrer.* A bill to enjoin the collection of a tax against a railroad company for railroad track is subject to demurrer where it merely alleges that the tax was fraudulently assessed at too high a rate because the property was assessed by the Tax Commission as main track instead of second or side-track and does not allege facts showing why such an assessment is excessive or what the proper assessment should be, and in the absence of any allegations of fraud, the complainants who did not appeal from the decision of the Tax Commission cannot enjoin the collection of the tax.

3. SAME—*property need not be assessed in name of owner—corporation.* Under section 191 of the Revenue act the fact that prop-

erty is assessed in the wrong name or in no name is not such an irregularity as will in any way invalidate the tax, and a railroad company cannot enjoin the collection of a tax because certain of its property is assessed in the name of a fictitious corporation.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

WINSTON, STRAWN & SHAW, (EDWARD W. EVERETT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal was taken to have reviewed the decree of the superior court of Cook county sustaining appellee's general and special demurrer to appellant's amended bill to declare unlawful, void and fraudulent certain taxes assessed against its railroad property and to restrain appellee from collecting or attempting to collect the same, and dismissing its bill for want of equity.

The following facts are stated in the bill: About 1852, by contract with the Illinois Central Railroad Company, appellant extended its lines to South Water street, in Chicago. The Chicago, Burlington and Quincy Railroad Company and the Chicago and Northwestern Railway Company are common carriers whose railroads extend up to the west bank of the south branch of the Chicago river, and it is approximately 3748 feet from the west bank of the river to the right of way of the Illinois Central Railroad Company. The four railroads purchased a strip for right of way between said points and built at joint expense thereon a railroad connection, which is referred to in the bill as the Sixteenth street side-track connection. Each railroad company owns an undivided one-fourth interest in the track

connection, which lies between Fifteenth and Sixteenth streets. Since 1852 the track connection has been used by the four railroad companies for interchange of cars and traffic. Appellant has never used said connection for any purpose other than exchange of freight from its railroad to connecting railroads and for delivery and receipt of freight to and from industries located thereon. It has never operated over the track connection as a main line and has never run its regular passenger or freight trains over the same. The tracks are side-tracks and turn-outs and should be so considered for purposes of taxing in Illinois. From the time the track connection was built until the same was assessed for taxation for the year 1920 it has usually and customarily been considered and treated by the four railroads and the officials of Illinois who assess and tax the same, as a railroad owned by said four railroad companies, each owning an undivided one-fourth interest therein. It has never, prior to 1920, been considered or treated by public taxing authorities as an independent railroad, the ownership and operation thereof always being considered and treated as in said four companies. It was never owned by a company or corporation known as the St. Charles Air Line Railroad Company, or any entity with a similar name. It was characterized as the St. Charles Air Line by the employees of said companies as a mere matter of convenience. The connection has 13,804 feet of track, is not a part and parcel of any main line or railroad of complainant, and should be treated as side-track and not as main line for the purpose of taxation. Within the time required by statute, appellant, as a corporation owning and operating a railroad in Illinois, returned sworn lists and schedules of its taxable property, and in said lists and schedules included its undivided one-fourth interest in the track connection as part of its railroad track. At no time, except in the year 1920, has said connection been returned by the companies owning the same as an independent railroad, and it was never

so considered by the Illinois officials who have taxed it, except in the year 1920. The lists and schedules of taxable property of complainant were made and sworn to within the time required by law and filed and delivered in accordance with the requirements of the law. It is further charged in the bill that about October 20, 1920, the Tax Commission, after having under consideration the question whether or not said track connection should be assessed as a main line railroad and a return filed showing the connection to be a separate railroad distinct from the railroads of the owners thereof, decided and determined that the same should be assessed as the St. Charles Air Line Railroad for the year 1920, and made the following finding and report: "That the tentative assessment of the property of the said St. Charles Air Line Railroad, as hereinbefore ascertained and fixed by the Tax Commission for the year 1920, be and the same is hereby confirmed, and that said assessment be certified to the county collector of Cook county as a separate and distinct piece of railroad property, and that the same be extended on the tax books of Cook county against said property designated as the St. Charles Air Line for the year 1920." The amended bill then charges that the track connection is assessed as main, second and side-track; that the county collector extended a tax, as directed by the Tax Commission, against said connection in and upon the following equalized valuations: main track, 3748 feet, $297,675; second main track, 3748 feet, $35,158; side-tracks, turn-outs, etc., 6308 feet, $23,439; that the total tax extended against said property upon the valuation and now sought to be collected by the collector of Cook county amounts to $19,203.15. The bill charges that said action is void, in excess of authority, unlawful and fraudulent because it violates the rights of appellant given by section 45 of the Revenue act, by which its rolling stock was required to be listed and taxed; that the method adopted and followed by the Tax Commission, as heretofore stated, un-

lawfully increased the tax of complainant upon its rolling stock; that said action is unlawful, unjust, lacks the uniformity guaranteed by the constitution, and is in excess of the authority of such commission vested in it by law, and is fraudulent for the reason that it denies to complainant rights given to it by the Revenue act to have its name as the real owner of said railroad track spread upon the public records; and that it violates its rights under various other sections of the Revenue act relating to notice to complainant of taxes which may become delinquent, and to have its undivided interest in said track assessed separate and apart from the other owners, etc.

There are other charges in the bill, to the effect that the act of the Tax Commission in assessing the track connection as a separate railroad and designating the ownership therein in a fictitious corporation, which had no corporate existence and had no interest of any kind or description in said connection, was void and unlawful and in excess of the jurisdiction of the commission, and was unlawful and fraudulent because said action unlawfully increased the taxes of complainant for said railroad track and constitutes double taxation upon complainant's property. There are no allegations in the bill, other than such bare statements or assertions, that show that the taxation on such track was increased by said action. It is nowhere charged in the bill that the track connection was customarily or at any time previous to 1920 assessed by the taxing authorities as side-track, turn-outs, etc., or that it never was assessed before as main track. It is charged that similar railroad track in Illinois was not assessed at the same rate nor in the same manner that the commission listed and assessed this track connection, but it is not stated how or in what manner other similar railroad track is assessed in Illinois. Appellant avers that it is ready, able and willing to pay the lawful tax on its property and that it has tendered to the appellee the lawful tax on its property, including this

connection, and that the appellee refuses to accept the same, the sum tendered being $1060.21. There are no allegations whatever in the bill from which it may be determined what is the proper or lawful tax if it is not the tax assessed. There are no allegations in the bill showing what the assessment or taxes have been on the property heretofore, or any similar allegations from which it may be determined that the tax is excessive, and if so, how much, or whether excessive at all, except the mere statement that it is excessive, which is a mere conclusion or assertion and not the character of averment that gives this court jurisdiction to declare the tax illegal because so excessive as to be deemed fraudulent.

Under sections 42 and 43 of the Revenue act the right of way of a railroad company, main track and side-track or second track, and all turn-outs, station houses, depots, machine shops or other buildings, are assessed and taxed as real estate. Side or second-track and all turn-outs are assessed in the county, town, village, district or city in which the same are located. The value of the railroad track shall be listed and taxed in the several counties, towns, villages, districts and cities in the proportion that the length of main track therein bears to the whole length of the road in the State, except the value of the side-track or second track and turn-outs, and all station houses, depots, machine shops or other buildings belonging to the company, which shall be taxed in the county, town, etc., in which the same are located. Under sections 44 and 45 of the Revenue act rolling stock is assessed as personal property and taxed in the several counties, towns, etc., in the proportion that the length of the main track used or operated in such county, town, etc., bears to the whole length of the road used or operated by such persons, company or corporation, whether owned or leased by him or them in whole or in part. It is not questioned that the connecting line of railroad track is taxable and that it is taxable in Cook county, and in

Chicago if it is second or side-track, turn-outs, etc. The entire right of way is taxable in the same municipality. So far as the bill of complaint discloses, there is no difference in the valuation of right of way under side-tracks or second tracks than under main tracks, in the assessment by the Tax Commission or the taxing authorities. If there is any distinct difference in the valuation placed upon main tracks and second or side-tracks because of the fact, simply, that they are main or side-tracks, this bill does not disclose it by the allegation of the fact. If the tax on appellant's rolling stock or other property will be increased in the least by the fact that the track connection is assessed as a distinct and separate line of railroad, appellant's bill does not disclose it except by mere assertion and without allegation of the fact. In fine, there are not sufficient facts alleged in the bill to entitle appellant to maintain its bill for fraud or illegal action of any kind by which it is prejudiced or damaged by the assessment. In fact, the main charge in appellant's bill is that the Tax Commission, having the question before it for determination and decision, decided that the track connection is a main line railroad and ought to be assessed as a distinct and separate road as the property of the St. Charles Air Line Railroad, and not as second or side-track belonging to the four railroads aforesaid, and that by reason thereof it is excessively and doubly taxed, etc. The conclusion drawn from such allegation that it is thereby excessively and doubly taxed is not an allegation of a fact but a mere conclusion of the pleader, which is not admitted by the demurrer. It is true that a court of equity will exercise jurisdiction to enjoin the collection of a tax where the same is not authorized by law, where it is assessed upon property not subject to taxation, and where property has been fraudulently assessed at too high a rate. The bill does not disclose the existence of any such facts, and it discloses no right of appellant to maintain its bill for injunction. It is one of the official duties of the Tax

Commission to determine the character of said track connection,—whether it should be assessed as main, second or side-track, etc. If appellant desired to question its decision it had the right to do so by appeal, but the action of the commission cannot be enjoined for any reason shown in the bill.

In conclusion we may further state that it is not possible for this court to determine merely from the assessment of the various tracks of the connection that is set out in the bill that the assessment is excessive, or that the track assessed as main track would have been assessed any less if it had been described by the commission as second track. By the provisions of section 191 of the Revenue act the fact that property is assessed in the wrong name or in no name is not such an irregularity as would in any way invalidate the assessment or the tax. Under the several provisions of the Revenue act it need not cause any prejudice of or difficulty to appellant that its property is not assessed in its own name. It has a right to pay its taxes, or the proportion thereof assessed to it as aforesaid, and to obtain a receipt for the payment of its fourth of such taxes. In fact, there is no provision in the Revenue act that specifically requires property to be taxed in the name of the owner to make the tax valid. The other three owners of the track connection are not made parties to the bill. The use made of said connection by the other owners, whether as main, second or side-track, is not disclosed, and such use may have caused the Tax Commission to cause the track connection to be scheduled and taxed as a distinct and independent line of railroad. Its decision ought not to be disturbed until all the facts bearing on the question may be considered.

For the reasons aforesaid we hold that the superior court properly sustained the demurrer of appellee to the bill, and its decree is therefore affirmed.

*Decree affirmed.*