(No. 32197.—

THE GOODYEAR TIRE AND RUBBER COMPANY, Appellant, *vs.* JAMES TIERNEY *et al.*, Appellees.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

Maxwell, J., took no part.

Thompson, Mitchell, Thompson & Douglas, Charles M. Spence, and Harold I. Elbert, all of St. Louis, Mo., and Wesley Lueders, of Granite City, for appellant.

Richard T. Carter, State's Attorney, of Belleville, (Kevin Kane, of East St. Louis, of counsel,) for appellees.

Mr. Justice Fulton delivered the opinion of the court:

Appellant, The Goodyear Tire and Rubber Company, filed a petition for a declaratory judgment in the circuit court of St. Clair County, naming as defendants in the proceeding the members and clerk of the St. Clair County board of assessors, the members of the St. Clair County board of review, the collector and former town collector of Canteen Township, St. Clair County, and the county collector of St. Clair County. In its petition appellant asked the court to find and declare that certain tax assessments made against it by the local taxing authorities of St. Clair County were invalid and void and for such other relief as the court might deem proper.

The petition was filed on October 25, 1949, and on November 8, 1949, the State's Attorney of St. Clair County filed on behalf of appellees a motion to dismiss the petition, the principal ground being that the petition showed on its face that petitioner was not entitled to the relief sought. This motion was overruled by the court on March 2, 1950. Appellees, on March 7, 1950, filed an answer containing an affirmative defense, the substance of which was

that petitioner should not have any relief or cause of action under the Declaratory Judgments Act because it had failed to pursue the remedies provided by statute in such cases, and particularly that it had failed to file any complaint either with the board of assessors or board of review; that it had failed to pay 75 per cent of its taxes under protest and also had failed to file written objections in the county court. Petitioner's reply, filed on March 27, 1950, alleged in substance that the existence of the other statutory remedies pointed out by defendants in their answer was no defense to its action for a declaratory judgment.

The case was tried before the court on May 26, 1950. Only one witness testified, Frank T. Quirk, called by petitioner. The court then took the case under advisement for submission on briefs. On June 13, 1951, the court entered its final order in the case dismissing the petition for a declaratory judgment and finding that the petitioner had not exhausted all of its statutory legal remedies. Appellant, by this appeal, seeks to reverse the judgment of the court below. The case is brought directly to this court because the revenue is involved.

The pertinent facts as established by the petition and brought forth in the testimony at the trial are as follows:

On or about February 1, 1947, appellant entered into possession of certain improved real estate in St. Clair County which was owned by the United States government. This property was a manufacturing plant, where, through a subsidiary corporation, appellant manufactured prefabricated houses known as "Wingfoot Homes." Possession of this property was taken by the corporation under a so-called "interim permit" from the War Assets Administration. This permit was evidenced by a letter dated January 29, 1947, from the St. Louis office of the latter agency. The letter states acceptance of a counterproposal made by the corporation for occupancy of the premises at an annual rental of $79,095.70 and an option to purchase at

$829,729.50. The letter gives appellant the right immediately to use and occupy the premises with the understanding that it will at once place a binder for insurance on the premises in the amount of $1,500,000 and assume complete responsibility for custody, protection and maintenance. The permit states that a lease is to be executed between the parties and that the negotiations therefor are to begin at once.

Appellant occupied the plant under the permit until July 31, 1948. It was in possession and occupancy of the premises on April 1, 1947, and on April 1, 1948. No formal lease was ever entered into between appellant and the United States government.

In 1947 the local assessing authorities of St. Clair County assessed the property to appellant at an equalized value of $884,940, and in the year 1948 at an equalized value of $915,470. Taxes were extended against these assessments in the amount of $24,265.14 in 1947 and $24,324.14 in 1948 and appellant-corporation was billed therefor. No part of these amounts has been paid. Appellant filed no complaint before the board of review either in 1947 or 1948. Nor did it file any objections in the county court for either of the years in question. It took no steps to question either of the assessments or the taxes extended until the filing of its action in the circuit court of St. Clair County on October 25, 1949, except as hereafter related. On or about April 22, 1947, Quirk, representing the real estate department of appellant, came to St. Clair County to file appellant's personal property return about which there was no dispute. He talked to Mr. Costello, the chief clerk of the board of assessors, and, while there, raised the question of the assessments on the real estate here involved. Quirk told Costello that he believed the assessment of the real estate was governed by sections 20 and 26 of the Illinois Revenue Act of 1939. Costello stated that he did not feel that those sections applied but that, in any event, since

this property had never been assessed before, nothing could be done until a complete appraisal of the plant had been made.

In August of the same year Quirk appeared before the board of assessors at Belleville at their request. They advised him that the property was to be assessed to appellant in the amount of $884,000. No one representing appellant appeared before the board of review in 1947 and, so far as the record shows, no one representing appellant appeared either before the board of assessors or the board of review in 1948.

The record does not show (except that Costello got that idea from his conversations with the board) that the freehold was being assessed to appellant, but paragraph 9 of the petition alleges the following, which is admitted in the answer filed by appellees: "The said assessments were based upon the value of the entire freehold interest in said property and were made in the manner ordinarily followed in assessing improved real property in Illinois which is owned by individuals and private corporations in fee."

Appellant contends that the assessments in question are illegal and void, reasoning that since the assessments were on the entire value of the freehold, and since property of the United States of America is exempt from taxation under the law of this State, the assessments of the property to appellant were, in effect, the imposition of a tax on exempt property. As a corollary to this proposition appellant contends that since we have here the question of a void tax on exempt property, its imposition and collection may be restrained by injunction or relief had in an action for a declaratory judgment under the Declaratory Judgments Act. (Ill. Rev. Stat. 1951, chap. 110, par. 181.1.) Appellees contend that, under the facts of the case here presented, an action under the Declaratory Judgments Act cannot be maintained; that appellant is bound to pursue its remedies afforded in the Revenue Act of 1939 (Ill. Rev.

Stat. 1951, chap. 120, pars. 482 *et seq.*,) and particularly sections 108 and 235 of the act. (Ill. Rev. Stat. 1951, chap. 120, pars. 589 and 716.) These are the sections providing for the making of complaints before the board of review and the paying of 75 per cent or more of disputed taxes under protest and the filing of objections in the county court.

Appellant first argues that since the assessment imposed is an attempt to tax exempt property, the action by the local authorities would be a proper subject of injunctive relief, and, therefore, the action for a declaratory judgment is proper. We do not think it follows that because appellant might have obtained an injunction, he is also entitled to the relief sought here, nor are we compelled to pass upon the propriety of the injunctive remedy, since no injunction was sought. But, assuming for the moment that the actions are similar in their essential characteristics and legal effect, let us examine appellant's premise—*i.e.*, that this would be a proper case for injunctive relief.

Appellant has cited many cases decided by this court in which injunctions against the imposition and collection of taxes have been held proper. Among those cited is *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245. In that particular case we held that the retailer in question was not subject to the Retailers' Occupation Tax Act and that the complaint stated a cause of action for the injunctive relief sought. In our opinion rendered in that case we had occasion to review many of the Illinois cases on the general question of injunctive relief in tax matters and we finally stated, at page 256, certain propositions by way of conclusion which are applicable here: "From the foregoing resumé the enjoining of the collection of illegal taxes constitutes an exception to the general rule that equity will not take jurisdiction of a cause when there is an adequate remedy at law. It is established that where a tax is unauthorized by law, or where it is levied upon property

exempt from taxation, equity will take jurisdiction and enjoin the collection of the tax. This constitutes an independent ground of equitable relief, and in such cases it is not necessary that special circumstances exist to authorize issuing an injunction. It is also the rule in such cases that where remedies are provided by statute they are cumulative, and are exclusive only where they have been first invoked by the taxpayer. And it is to be noted this exception to the general rule applies only to the illegal and unauthorized imposition of a tax, and not to irregularities in levying a lawful tax."

From the earliest decisions of this court, illustrated by such cases as *Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34, this court has manifested a reluctance to grant injunctive relief in tax matters for reasons of sound public policy as set forth in the *Frary case.* We there stated that injunctive relief in tax matters should be afforded only where the tax itself is not authorized by law, or the tax, if itself authorized, is assessed upon property not subject to taxation. A reading of the quoted portion of our opinion in the *Owens-Illinois Glass Co. case* as above set forth, which case was decided 85 years after the *Frary case,* shows that this court still adheres to the principles it announced in earlier times—that injunctive relief is given only where the tax is unauthorized by law or is levied on property exempt from taxation. Injunctive relief has never been given in cases in which there have been irregularities in levying a lawful tax or where the relief sought is to correct an erroneous assessment or to question the size or amount of an assessment. *Ames* v. *Schlaeger,* 386 Ill. 160, *Michigan Central Railroad Co.* v. *Carr,* 303 Ill. 354.

With these principles in mind, we turn to the case at bar and the question whether, under the facts disclosed, it would have been a proper case for injunctive relief. Section 26 of the Revenue Act of 1939 (Ill. Rev. Stat. 1951,

chap. 120, par. 507,) provides: "When real estate which is exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his assignee, as real estate." Both parties concede that this statute applies in the case before us. It is also undisputed that this property, while in the hands of the United States government, was exempt from taxation of any kind. However, when the United States leased the premises to appellant, that corporation acquired, under the statute above quoted, a taxable interest therein. It acquired an interest that could be assessed by the local authorities as real estate. The property in the hands of appellant cannot be said to be exempt from a property tax since the law specifically provides otherwise.

But it is contended that all appellant acquired was a leasehold interest, and that when the assessors based the assessment on the value of the freehold in assessing appellant, that, in effect, was taxing exempt property. We do not believe that such a position is tenable. As previously stated, appellant did have a taxable interest whatever its nature or value. An assessment to appellant based on the value of the freehold could be said to be an erroneous and excessive assessment but it is not tantamount to an attempt to tax exempt property. The property was exempt from taxation only in the hands of the United States government and not in the hands of the lessees. However erroneous the action of the assessors may have been in assessing the interest of the Goodyear Company by valuing it at the full value of the fee, any objection to their action goes only to the amount of the assessment and affords appellant no basis for a claim to exemption. Appellant's real complaint, as evidenced by a careful study of its brief and argument, is not that it was assessed but rather that it was assessed for too high a figure. Under the principles set forth in our

earlier decisions, this case, therefore, does not involve the attempted imposition of a tax unauthorized by law or an attempt to levy upon exempt property and, therefore, it would not be a proper case for injunctive relief.

However, as we stated earlier in this opinion, it would not seem to follow that an action for a declaratory judgment would lie merely because the case might be a proper one for injunctive relief, neither does it seem reasonable that merely because we would have denied an injunction therefore a declaratory judgment proceeding must fail. We, therefore, consider the question whether, under the facts and circumstances here presented, appellant can maintain its action for a declaratory judgment or whether it should, as the trial court held, be compelled to pursue its remedies under the Revenue Act.

The Declaratory Judgments Act in this State is of fairly recent origin. It was not until 1945 that the statute was passed and added to our Civil Practice Act as section 57½. Our experience with the Declaratory Judgments Act in Illinois has therefore been very limited and there are no decided cases in Illinois bearing even remotely on the question of the availability of declaratory judgment action in tax cases. Appellant has cited *Automatic Voting Machine Corp.* v. *Daley,* 409 Ill. 438, decided by this court on May 24, 1951. In that case the propriety of the declaratory judgment procedure was assumed by both sides and no question of remedy was raised or decided. It should also be noted that the case last cited did not involve any questions of local property assessment procedures under the Revenue Act.

In many jurisdictions declaratory judgment acts have been in effect for a considerable period of time and the courts there have had occasion to consider whether various tax questions are proper subjects of action under the statute. These decisions have been collected in two extensive annotations (132 A.L.R. 1108, and 11 A.L.R. 2d 359.) While

space does not permit detailed discussion of the cases, certain conclusions may be drawn which are of assistance. The courts have on many occasions entertained and allowed actions for declaratory judgments on tax questions, yet it is generally held that, even though the statutes are broad enough to authorize the entry of a judgment, the courts have a discretion as to whether they will enter a declaratory judgment. It is observed that the courts should proceed cautiously in tax cases to avoid interference with the collection of revenues, and the cases are often such that the courts ought to deny declaratory relief. It has been stated that the Declaratory Judgments Act is designed to supply deficiencies in legal procedure which existed before the enactment of the statute and that such an act is not intended as a substitute for ample remedies in use before its adoption, so that where there is another plain, adequate and complete remedy available the statute cannot be invoked. In those decisions where the latter rule is announced it has been held that the remedy is adequate if the taxpayer may pay his taxes under protest and obtain an enforcible judgment for a refund in a judicial proceeding. *Great Lakes Dredge and Dock Co.* v. *Huffman,* (1943), 319 U.S. 293.

While there is a sharp division of authority on the question of whether the existence of another adequate remedy precludes proceedings under the Declaratory Judgments Act in tax matters, we believe that those decisions which hold that the existence of another adequate remedy is a bar to declaratory action are supported by better reason and sounder policy.

We had occasion in *Ames* v. *Schlaeger,* 386 Ill. 160, to point out in detail the nature of the remedies afforded a taxpayer under the Revenue Act. As there indicated, we believe that especially since the law was changed in 1933 to allow recovery of illegal taxes voluntarily paid under protest, the taxpayer in all but extraordinary cases has an

adequate remedy under the Revenue Act which he should pursue in questioning the legality of asseessments. In any event, we do not believe that relief should be afforded under the Declaratory Judgments Act in any cases which would not have merited relief in equity by injunction under principles heretofore announced.

We hold, under the facts and circumstances appearing in the case at bar, that appellant was not entitled to maintain an action for a declaratory judgment but should have pursued his remedies under the Revenue Act. The judgment of the Circuit Court of St. Clair County will therefore be affirmed. *Judgment affirmed.*

Mr. JUSTICE MAXWELL took no part in the consideration or decision of this case.