UNITED STATES of America and Olin Mathieson Chemical Corporation

v.

DEPARTMENT OF REVENUE OF the STATE OF ILLINOIS and Andrew Fasseas, Director of Revenue.

No. 60 C 1365.

United States District Court
N. D. Illinois, E. D.

Feb. 24, 1961.

R. Tieken, U. S. Atty., and Harvey Silets, Asst. U. S. Atty., Chicago, Ill., for United States.

John Caruthers, East Alton, Ill., for Olin Mathieson.

William L. Guild, Atty. Gen. of Illinois, and William C. Wines, Asst. Atty. Gen., for State of Illinois.

Before KNOCH, Circuit Judge, LA BUY and ROBSON, District Judges.

LA BUY, District Judge.

Jurisdiction to hear the above matter is invoked pursuant to §§ 1345, 1331, and 1332 of the Judicial Code, 28 U.S.C.A. The complaint prays that this court declare the provisions of the Illinois Retailers' Occupation Tax Act (ch. 120, § 440 ff., Smith-Hurd Ann. Stats.) unconstitutional, void and of no effect in so far as they permit taxation of receipts from sales of tangible personal property to the United States or the taxation of such sales, and to enjoin the assessment and collection thereof.

Briefly, it is alleged that for a period of three months in 1957 the plaintiff, Olin Mathieson Chemical Corporation, designed, manufactured, sold and delivered in Illinois to the United States Air Force aircraft engine starter cartridges required by the United States for national defense; that the amount paid by the United States therefor was $901,-204.08; that the State of Illinois claims an occupation tax thereon in the sum of $27,036.12, which amount has not been paid because the United States has instructed Olin Mathieson to refuse to pay any part thereof; that several hundred

persons and firms in addition to Olin Mathieson are engaged in making sales at retail of tangible personal property in Illinois to the United States which property is and will be required to further the national defense and perform other governmental functions; that the United States has instructed these vendors to refuse to pay taxes on receipts from sales to it.

It is further alleged that under the provisions of existing contracts, the United States is obligated to reimburse Olin Mathieson and other vendors if they should be required to pay any taxes under the Act. The parties have stipulated that in addition to Olin Mathieson there are more than 1440 persons or firms in the State of Illinois engaged in sales to agencies of the Department of Defense, including the United States Air Force, United States Army, United States Navy, and the Military Petroleum Supply Agency; that the total amount of these contracts is in excess of $623,655,000.

The United States contends that the inclusion of such a tax on proceeds from sales to the Federal Government is in violation of the Constitution of the United States because (1) it results in discrimination against the United States and those with whom it deals in that the Illinois Retailers' Occupation tax is not imposed on proceeds from sales made "to the State of Illinois, any county, political subdivision or municipality thereof, or to any instrumentality or institution of any of the governmental units aforesaid, * * *" (§ 441, Ch. 120, Smith-Hurd Ann. Stats.), and (2) violates the immunity from state and local taxation to which the United States is entitled. It is also stated that there exists no plain, speedy and efficient remedy which plaintiffs may pursue in the courts of Illinois.

Defendants, by motion to dismiss, assail the jurisdiction of this court to entertain this controversy. The reasons therefor are (1) the United States is not a proper party plaintiff for it is not a taxpayer under the Illinois law; (2) § 1341, 28 U.S.C.A., proscribes the jurisdiction of this court to enjoin or otherwise prevent the collection of taxes claimed to be due under state law and said section applies to suits brought by the United States as well as suits brought by others; (3) plaintiffs have a plain, speedy and efficient remedy for contesting the liability for such taxes in the state courts; and (4) the plaintiff, Olin Mathieson, is within the inhibition of the Eleventh Amendment to the Constitution of the United States and cannot bring suit against the State of Illinois.

In the alternative, defendants urge dismissal of the claim on its merits for the reason (1) the Illinois occupation tax applies to all retailers of the class described in the complaint who are engaged in the transactions alleged therein, and therefore these taxes do not discriminate against the sovereignty of the United States; and (2) it fails to state a claim upon which relief can be granted.

■■ In United States v. Livingston, D.C.S.C.1959, 179 F.Supp. 9, affirmed per curiam, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719, rehearing denied 364 U.S. 855, 81 S.Ct. 35, 5 L.Ed.2d 79, the court held that § 1341, 28 U.S.C.A., proscribing federal court jurisdiction in suits to enjoin collection of taxes where a plain, speedy and efficient remedy exists in the state courts is not applicable to the United States. It is implicit in § 1341, as it is in any action brought by the sovereign, that the interest of the United States must be of the kind to support its presence as a party litigant. United States v. San Jacinto Tin Co., 1887, 125 U.S. 273, 285, 8 S.Ct. 850, 31 L.Ed. 747; United States v. Beebe, 1887, 127 U.S. 338, 8 S.Ct. 1083, 32 L.Ed. 121.

Where a taxpayer is singled out and treated differently from all those similarly situated because he transacts business with the United States, as is alleged here, such action discriminates not only against him but also against the United States. Pacific Co. v. Johnson, 1932, 285 U.S. 480, 493, 52 S.Ct. 424, 76 L.Ed. 893; United States v. Allegheny County, 1943, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; United States v. City of Detroit, 1957, 355 U.S. 466, 473, 78 S.Ct.

474, 2 L.Ed.2d 424; Phillips Chemical Co. v. Dumas Independent School Dist., 1960, 361 U.S. 376, 80 S.Ct. 474, 4 L. Ed.2d 384. Furthermore, the United States is a proper party plaintiff because it has a substantial pecuniary interest in the outcome of this suit for it is obligated by contract to reimburse the taxpayer.

We conclude that the interest of the United States in this suit is direct and substantial and that it is a proper party litigant. We are further persuaded by the reasoning in the Livingston case,* supra, that § 1341 does not deprive this court of jurisdiction. United States v. United Mine Workers of America, 1947, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884; United States v. Woodworth, 2 Cir., 1948, 170 F.2d 1019.

■ In order to resolve the contentions of the defendants in their entirety, however, we proceed to determine the efficacy of the argument that a plain, speedy and efficient remedy exists in the courts of Illinois. Such determination bears also on the exercise of judicial discretion which must guide us, as a federal court of equity, in determining whether or not we should grant or withhold a remedy which is within our equity power to give. Toomer et al. v. Witsell et al., 1948, 334 U.S. 385, 68 S.Ct. 1156, 92 L. Ed. 1460; Great Lakes Dredge & Dock Co. v. Huffman, 1942, 319 U.S. 293, 301, 63 S.Ct. 1070, 87 L.Ed. 1407. The defendants rely on Owens-Illinois Glass Co. v. McKibbin, 1943, 385 Ill. 245, 52 N.E. 2d 177, to establish that Olin Mathieson has recourse to the courts of Illinois to enjoin the tax collection without the necessity of depositing the tax moneys due.

In Goodyear Tire & Rubber Co. v. Tierney, 1952, 411 Ill. 421, 427, 104 N.E.2d 222, the Illinois Supreme Court ruled that application for injunction is available only to a taxpayer when the tax is unauthorized by law, i. e., imposed when not provided for, or is levied on property which is exempt. Owens-Illinois Glass Co. v. McKibbin, supra, 385 Ill. at page 256, 52 N.E.2d at page 182; Acme Printing Ink Co. v. Nudelman, 1939, 371 Ill. 217, 20 N.E.2d 277. In the instant case it is conceded by plaintiffs that Olin Mathieson is a retailer subject to the occupation tax of Illinois. Therefore, it may not invoke the remedy of injunctive relief in the courts of Illinois.

A remedy by way of protest, hearing and court review are provided for by the Illinois Retailers' Occupation Tax Act and may be pursued without prior payment of any part of the assessment. If a taxpayer fails to pay such tax at the time he files his return, he incurs a penalty of 10 per cent on the amount of the tax due. §§ 442, 444, Ch. 120. In addition, § 444a provides that the Department shall have a lien on all present and subsequently acquired real and personal property of the taxpayer for any unpaid tax and penalty, which lien becomes effective upon the termination of any review proceedings. A taxpayer may file suit under the Administrative Review Act, S.H.A. ch. 110, § 264 et seq., without payment or deposit of the moneys due, but is required to file a bond in the amount of the unpaid tax and penalty or, in lieu of such bond, an order will be entered imposing a lien upon the taxpayer's present and subsequently acquired real and personal property. § 451,

* "There appears no good reason why the Congress should deny the United States the protection of the equitable powers of her own courts in a situation such as that with which we are now concerned, and it has been generally and broadly held that it did not do so when it enacted * * * what is now § 1341 * * * We conclude that 28 U.S.C.A. § 1341 does not deprive this court of jurisdiction of this action by the United States, by which it seeks protection of its sovereign immunity from taxation.

" * * * Here the sole question is whether or not the United States is the real purchaser and user of the purchased articles so as to make their purchase and use immune from state taxation. That question arises under the Constitution of the United States and its answer is not dependent upon the resolution of any question of state law. It is our duty to consider the federal question, and there is no basis for a remission of the plaintiffs to the state courts." 179 F.Supp. at pages 11, 12.

Ch. 120. The Act does not provide that the taxpayer may recover the cost of such bond. A failure to provide interest on a tax refund has been considered by the courts as evidence that a taxpayer does not have a plain, speedy and efficient remedy. United States v. Livingston, supra; cf. Southern Ry. Co. v. Query, D.C.S.C., 1927, 21 F.2d 333, 342. It is the court's view that failure to provide for cost of the required bond is analogous to a failure to provide for recovery of interest on a tax refund.

It is urged that plaintiffs have available the remedy of declaratory judgment. The availability of that remedy in tax cases is uncertain. In Goodyear Tire & Rubber Co. v. Tierney, supra, 411 Ill. at page 430, 104 N.E.2d at page 226, the Supreme Court of Illinois observed that courts should proceed cautiously in tax cases in order to avoid interference with collection of revenues and "the cases are often such that the courts ought to deny declaratory relief". It also stated:

> "While there is a sharp division of authority on the question of whether the existence of another adequate remedy precludes proceedings under the Declaratory Judgments Act in tax matters, we believe that those decisions which hold that the existence of another adequate remedy is a bar to declaratory action are supported by better reason and sounder policy."

We are of the opinion that the remedies available in the courts of Illinois to the plaintiff, Olin Mathieson, are not plain, speedy and efficient. The circumstances of this case, as above stated, completely negate a possibility that there exists an adequate remedy at law such as would, under the decision in Toomer et al. v. Witsell et al., supra, preclude relief upon the instant application to this Court.

We are also of the opinion that the Eleventh Amendment to the Constitution of the United States is not applicable in this case. A suit to restrain unconstitutional action threatened by an individual who is a state officer, as is the defendant Director of Revenue, is not an action against the State. Georgia R. & Banking Co. v. Redwine, 1951, 342 U.S. 299, 304, 72 S.Ct. 321, 96 L.Ed. 335. It is immaterial that the Department of Revenue is also a defendant. Its joinder must be considered in the light of the issues involved and the relief sought. Moline Tool Co. v. Department of Revenue, 1951, 410 Ill. 35, 37, 101 N.E.2d 71; Ex parte Young, 1907, 209 U.S. 123, 155, 28 S.Ct. 441, 52 L.Ed. 714. The action sought to be restrained as being in violation of the Federal Constitution is the collection of the occupation tax; a duty dischargeable only by the officer empowered to execute and discharge the functions of the Department of Revenue. No other activity of the state is involved. Therefore, we hold that the Department of Revenue is a nominal party and that this suit is within the rule applied to a state officer seeking to enforce an alleged unconstitutional act.

For the above and foregoing reasons, the motion of defendants to dismiss the aforesaid complaint for lack of jurisdiction is overruled.

We next proceed to a consideration of defendants' motion to dismiss the cause on its merits.

The Attorney General of the State of Illinois leans heavily on State of Alabama v. King & Boozer, 1941, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, as being directly in point. Plaintiffs dispute its applicability on the authority of Kern-Limerick, Inc. v. Scurlock, 1953, 347 U.S. 110, 119, 74 S.Ct. 403, 98 L.Ed. 546, which expressly stated that the King & Boozer case left open the issue of the immunity of the United States as a purchaser.

Neither of these cases is controlling or decisive of the question presented in this case. The Alabama statute in King & Boozer and the Arkansas statute in Kern-Limerick required that the seller of the property collect the tax from the purchaser. In each of these cases, the court was called upon to decide whether, under the facts of the case, the United States was the purchaser upon whom fell the legal incidence of the tax. In King

& Boozer it was held that the United States was not the purchaser and therefore the Alabama tax was not invalid as impinging upon the immunity of the sovereign to be free from taxation. In Kern-Limerick it was held that the United States was the purchaser and the legal impact of the Arkansas statute therefore fell upon a sovereign who is immune from taxation by the state.

 Under the Illinois statute, with which we are concerned, it must be conceded that by virtue of the statutory language the legal incidence of the tax falls upon Olin Mathieson, a retailer engaged in the occupation of selling tangible personal property. No statutory provision compels him to collect the tax from the purchaser who, in this instance, is the United States. In the light of the decisions of the Supreme Court of the United States since Panhandle Oil Co. v. State of Mississippi ex rel. Knox, 1927, 277 U. S. 218, 48 S.Ct. 451, 72 L.Ed. 857, we do not hold that Olin Mathieson is an agent or instrumentality of the Federal Government so as to result in an imposition of this tax upon the sovereign. The mere fact that a private corporation conducts its business under a contract with the United States does not make it an instrumentality of the latter. United States v. City of Detroit, supra, 355 U.S. at pages 471–473, 78 S.Ct. at pages 477, 478; Curry v. United States, 1941, 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9. Therefore, we are not concerned here with the principle of sovereign immunity from local taxation and such doctrine does not per se prohibit the assessment of the instant tax.

 In considering the validity of a state tax "we are concerned only with its practical operation, not its definition or the precise form of descriptive words which may be applied to it". Lawrence v. State Tax Comm., 1932, 286 U.S. 276, 280, 52 S.Ct. 556, 557, 76 L.Ed. 1102. The particular name which a state legislature may give to a money payment commanded by statute is not controlling when its constitutionality is in question. Carpenter v. Shaw, 1929, 280 U.S. 363,

367–368, 50 S.Ct. 121, 74 L.Ed. 478; United States v. City of Detroit, supra. The Illinois Act, by its terms, imposes the tax "upon persons engaged in the business of selling tangible personal property at retail" which falls on all who come within that classification—that is, those who sell at retail to the State of Illinois and its subdivisions and those who sell to the Federal Government as well as those who sell to private citizens and corporations.

 Certain basic principles must be recognized in our approach to the problem before us. There is a strong presumption in favor of the validity of a legislative classification if any state of facts can reasonably be conceived to sustain it and it is presumed that such state of facts exist. Statutes which tax one class while exempting another class necessarily impose a greater burden upon the person taxed than would be the case if the exempted class would be included. Such statutes do not create an inequality in the constitutional sense if all in the same class are included and treated alike. Hart Refineries v. Harmon, 1928, 278 U. S. 499, 502, 49 S.Ct. 188, 73 L.Ed. 475. The legislature has the power to grant an exemption according to its views of public policy subject only to the limitation that the exemption and the classification upon which it is based be reasonable and not arbitrary. Consequently, we do not question the power of the Illinois legislature to grant an exemption to a retailer who deals with it and its political subdivisions. Indeed, such action has the beneficent objective of reducing costs of governmental administration to the benefit of its citizens.

 In our view, however, a retailer who deals with the Federal Government falls within the same class as a retailer who deals with the State of Illinois. If an exemption is made from the general classification of retailers who sell tangible personal property on the legally justifiable basis of dealing with the State of Illinois, it is because such retailer deals with a governmental entity. By exempting a retailer who deals with the State

of Illinois and its political subdivisions, the legislature has subdivided retailers who transact business with governmental entities into two divisions—those who deal with the State of Illinois and its subdivisions and those who deal with the United States. To be valid, such an exemption must fall alike on all similarly situated and must include retailers who deal with the Federal Government.

A reasonable consideration of difference or policy between these retailers must exist otherwise the classification is either capricious or arbitrary. Phillips Chemical Co. v. Dumas Independent School Dist., supra, 361 U.S. at page 383, 80 S.Ct. at page 479. No enlightenment has been offered as a basis for the differentiation. It is difficult for us to perceive a reasonable distinction which grants one freedom from contributing to the cost of government and imposes the burden upon the other. Further, the imposition of the tax upon one and not the other permits the State to deal with retailers at a lower cost and imposes an increased cost upon the Federal Government dealing with the same class of persons. Assuming that the statutory exemption may have the laudable public purpose of reducing governmental costs, it is equally applicable to the Federal Government thus benefiting all citizens of the United States, including the citizens of the State of Illinois.

Not only is the Federal Government discriminated against as a governmental unit in contrast to the exemption granted

"the State of Illinois, any county, political subdivision or municipality thereof, or to any instrumentality or institution of any of the governmental units aforesaid"

but it is further discriminated against in contrast with many non-governmental entities, specifically

"any corporation, society, association, foundation, or institution organized and operated exclusively for charitable, religious or educational purposes."

The United States Supreme Court in Phillips Chemical Co. v. Dumas Independent School District, supra, condemns such discrimination. It stated:

"a State may not single out those who deal with the Government, in one capacity or another, for a tax burden not imposed on others similarly situated. (p. 383 [80 S.Ct. at page 479]). * * * it does not seem too much to require that the State treat those who deal with the Government as well as it treats those with whom it deals itself. (p. 385 [80 S.Ct. at page 480]). The differences between the two classes, at least when the Government's interests are weighed in the balance, seem too impalpable to warrant such a gross differentiation * * * a state tax may not discriminate against the Government or those with whom it deals." 361 U.S. at page 387, 80 S.Ct. at page 481.

For the above and foregoing reasons, we conclude that § 441, Chapter 120, Smith-Hurd Ann.Stats., as applied here, results in the imposition of a tax which discriminates against the Federal Government and those with whom it deals and is, therefore, unconstitutional.

The above and foregoing opinion of the Court constitutes the findings of fact and conclusions of law. Counsel should present an appropriate order within 5 days.