(Nos. 39816M, 39817M, 39818M cons.— ▮▮▮▮▮▮)
THE PEOPLE *ex rel.* Weldon B. Frantz, County Collector, Appellee, *vs.* M.D.B.K.W., INC., *et al.,* Appellants.

*Opinion filed December 1, 1966.*

WARREN PETERS, State's Attorney, and EVERETT B. JOHNSON, Assistant State's Attorney, both of Lincoln, for appellee.

WOODS AND THOMPSON, of Lincoln, for appellants.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The county collector of Logan County made application to the circuit court for judgment for delinquent 1962 and 1963 real-estate taxes paid under protest by M.D.B.K.W.,

Inc., and for delinquent 1963 taxes paid under protest by Charles McLaughlin, Jr., and wife. The taxpayers objected, alleging their respective properties were so excessively over-valued as to amount to constructive fraud. The court dismissed the objections and entered judgment for the full amount of tax in each case. The objectors have taken their respective appeals directly to this court, the revenue being involved, and the cases have been consolidated for review.

The corporation's property consists of a hotel with 65 rooms, in somewhat poor condition. In January 1962 it was purchased at public auction (including about $800 worth of furniture and furnishings) for a total price of $10,200. It was initially given a 1962 assessed valuation of $31,000 but the board of review, upon being advised of the purchase price, reduced it to $18,500. Application of the 1962 equalizing multiplier of the Department of Revenue resulted in an assessed valuation of $19,893 on which the taxes were extended. During 1962 repairs were made in the amount of some $7000. In 1963 complaint was again made before the board of review, which was informed of the purchase price, the 1962 improvements, and a net income loss sustained in 1962. The 1963 assessed valuation, after application of the multiplier for that year, was $21,264.

The McLaughlin property consists of a 361-acre farm purchased in 1961 for $86,000, and by July 1963 improvements had been added in the amount of $200. A hearing was had before the board of review with respect to 1963 taxes and the board made an inspection of the farm. The assessed valuation as determined by the board, after applying the multiplier for that year, amounted to $70,642.

Testimony of the supervisor of assessments showed that during the years in question real estate in Logan County was assessed at a figure not to exceed 55% of fair cash market value. Based upon such assessed rate, the fair cash value of the corporation's hotel would be about $36,000 and that of the McLaughlin farm would be about $128,440. A real-

estate salesman testified on behalf of the McLaughlins that in his opinion the fair cash value of the farm was $86,000. The applicant county collector presented no evidence in either case.

The law requires assessment of property at its fair market value. The ascertainment of such value for purposes of taxation is primarily for the administrative officers to whom this function is delegated, and except for cases of fraud, courts will not undertake to review the determination. When valuation has been fraudulently made it is subject to judicial review, but more is required for this purpose than merely showing an overvaluation. It is only where the property has been grossly overvalued, the assessed valuation being reached under circumstances showing either lack of knowledge of known values or a deliberate fixing of values contrary to the known value, that fraud in law will be inferred. Before the conduct of the taxing authorities will be considered constructive fraud, the evidence must clearly establish that the assessment was made in ignorance of the value of the property, or on a judgment not based upon readily ascertainable facts, or on a designedly excessive basis. *People ex rel. Nordlund* v. *Lans,* 31 Ill.2d 477; *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66; *People ex rel. Rhodes* v. *Turk,* 391 Ill. 424.

It has often been held that an assessment of property for taxation cannot be impeached by any mere difference of opinion as to its value between the assessing officers and the court. (*People ex rel. Tedrick* v. *Allied Oil Corp.* 388 Ill. 219.) If property has been assessed higher than it should have been through a mere error of judgment on the part of the officers making the valuation, the courts are powerless to rectify the error. They can relieve only against fraud. *People ex rel. Schmulbach* v. *City of St. Louis,* 408 Ill. 491, 500.

The record in the case at bar shows at most that these properties were merely assessed somewhat higher than they

should have been. There is nothing to indicate that the assessor was not actuated by good faith, or that the assessments were not made in the exercise of an honest, if erroneous, judgment. The objectors have not satisfied their burden of showing that the assessments were so grossly excessive as to amount to constructive fraud, or that in making them the assessor willfully and intentionally discriminated against the objectors.

Since we think the evidence was insufficient to show the assessments so grossly excessive as to constitute fraud, the conclusions of the circuit court will not be disturbed. The judgments are affirmed.                    *Judgments affirmed.*