THE PEOPLE *ex rel.* EDWARD J. ROSEWELL, County Collector, Applicant-Appellee, *v.* DEE EL GARAGE, INC., Objector-Appellant.

First District (4th Division)   No. 76-629

Opinion filed July 28, 1977.

Keck, Cushman, Mahin & Cate, of Chicago (Robert S. Cushman and Thomas E. Brannigan, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and David J. Magee, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Dee El Garage, Inc. (objector) disputes the validity of the 1973 real estate assessment and tax levied against a certain garage property leased by it. The objector asserts that the fee interest in the land and building, rather than the leasehold interest, was assessed and taxed. Since the land and building are owned by Northwestern University (Northwestern), a tax exempt entity, objector maintains that the property is exempt from taxation and the assessment and tax are therefore void. Objector seeks a refund of the tax it paid under protest. Alternatively, the objector contends that if the assessment and tax were indeed an assessment and tax of the objector's leasehold interest, the computation of the assessment and tax was in error and thus a recomputation is warranted.

Prior to this proceeding, objector filed a complaint before the Board of Appeals of Cook County alleging that the 1973 assessment made by the assessor was illegally excessive. The Board denied objector any relief in connection with its complaint. Objector paid its 1973 taxes in full but under protest. Thereafter, the county collector brought this action for judgment indicating that the tax levied and paid is in the correct amount.

At a hearing held on March 19, 1976, the trial judge overruled objector's alternative contentions that the assessment and tax were levied against tax exempt property and that the assessment and tax were improperly computed. Objector raises the identical contentions on this appeal. We agree with the objector's second contention and thus hold that the assessment and tax require recomputation.

Objector is the lessee of a garage building located at 29 West Monroe Street, Chicago, Illinois. The fee interest in the land and building is owned by Northwestern which, by its charter, is a tax exempt institution. As required under its lease (a copy of which was offered and received in evidence), objector paid $90,000 to Northwestern as rent for the year 1973. The lease, by its terms, expired on June 30, 1976. As of the date of the assessment and tax in issue, the lease had 42 months to run. By stipulation of the parties, the county assessor's property record card for the property was submitted into evidence. The record card shows that the land is tax exempt. The record card also discloses that the building has "a percent good of 82%." The unequalized assessed value of the building is shown to be $128,393.[1] According to objector, based upon the assessment, and the application to the assessment of the 1973 multiplier, a tax of $16,186.99 was computed for the year 1973.

---

[1] In objector's brief, the unequalized assessed value of the building is stated as $128,203. We assume that the figure in the record ($128,393) is the correct one.

At the trial, Robert Cushman, the witness for objector, testified that he examined the property record card, the 1973 warrant book, the tax judgment forfeiture and redemption record, the Sidewell maps and the real estate permanent index numbers. None of these documents expressly indicated that the assessment and tax were being levied against the leasehold interest of the objector. There was no reference in any of these documents to a "leasehold" as such. Thus, objector urges that the assessment was necessarily levied against the tax exempt fee interest held by Northwestern.

Objector neither cites nor do we know of any cases that would support objector's proposition that unless otherwise indicated, an assessment is presumptively upon the freehold interest. Objector relies, in part, on section 30 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 511), which provides, *inter alia*, that the county clerk may adopt a real estate index number system. However, the statute does not indicate that the term "leasehold" must be clearly set forth in order to determine that a leasehold rather than a fee is being assessed and taxed. Furthermore, objector offered no proof as to the meaning of real estate index numbers "8001" and "8002" which appear on the tax bill, although objector maintains they describe the tax upon the fee.

An argument similar to the one raised by the taxpayer in the instant case was rejected by our Supreme Court in *Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421, 428, 104 N.E.2d 222, 225. There the court stated:

> "But it is contended that all appellant acquired was a leasehold interest, and that when the assessors based the assessment on the value of the freehold in assessing appellant, that, in effect, was taxing exempt property. We do not believe that such a position is tenable. As previously stated, appellant did have a taxable interest whatever its nature or value. An assessment to appellant based on the value of the freehold could be said to be an erroneous and excessive assessment but it is not tantamount to an attempt to tax exempt property. The property was exempt from taxation only in the hands of the United States government and not in the hands of the lessees. However erroneous the action of the assessors may have been in assessing the interest of the Goodyear Company by valuing it at the full value of the fee, any objection to their action goes only to the amount of the assessment and affords appellant no basis for a claim to exemption."

■■ We necessarily conclude that the assessment and tax were not levied against tax exempt property.

Objector next asserts that the assessment and tax if made on its

leasehold interest should be recomputed since they were not determined accurately.

Usually, in cases involving objections to the assessment of a leasehold, it is incumbent upon the taxpayer to prove, by clear and convincing evidence, that the assessment as made was so grossly excessive that it was tantamount to a fraud in law. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *People ex rel. Munson v. Morningside Heights, Inc.* (1970), 45 Ill. 2d 338, 259 N.E.2d 27; *People ex rel. Reinhardt v. McRoberts* (1961), 22 Ill. 2d 282, 174 N.E.2d 841.) Courts generally will not presume to second-guess the expertise of the county assessor unless the taxpayer has met this burden of proof. *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *People ex rel. Joseph v. Schoenborn* (1968), 41 Ill. 2d 302, 242 N.E.2d 147; *People ex rel. Frantz v. M.D.B.K.W., Inc.* (1966), 36 Ill. 2d 209, 221 N.E.2d 650.

■■ We do not dispute these well-established propositions. However, the facts in the present case do not compel the taxpayer to show the assessment objected to is so grossly excessive as to constitute constructive fraud on the part of the county assessor. Here the objector has shown by the property record card that the figures used in assessing the value of the leasehold were based on the unequalized value of the building, that is, the fee. We believe in such a situation, this court may intervene and insure that the assessor has utilized a proper formula based on the appropriate figures in computing the value of a leasehold. See *People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 233 N.E.2d 568.

We are aware that the county collector and the trial court rely on our Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421, 104 N.E.2d 222, which apparently precludes a revaluation of the leasehold assessment even if the figures used were based on the value of the fee. However, *Goodyear* is distinguishable from the instant case. In *Goodyear*, the objector-appellant sought, through a declaratory judgment action, a determination that its interest in the plant it leased from the United States was improperly assessed on the value of the tax exempt fee, rather than on the value of the leasehold. In addition objector-appellant maintained that the imposition and collection of the tax could be restrained by injunction. The court rejected objector-appellant's contention and stated:

> "However erroneous the action of the assessors may have been in assessing the interest of the Goodyear Company by valuing it at the full value of the fee, any objection to their action goes only to the amount of the assessment and affords appellant no basis for a claim to exemption. Appellant's real complaint, as evidenced by a

careful study of its brief and argument, is not that it was assessed but rather that it was assessed for too high a figure. Under the principles set forth in our earlier decisions, this case, therefore, does not involve the attempted imposition of a tax unauthorized by law or an attempt to levy upon exempt property and, therefore, it would not be a proper case for injunctive relief." 411 Ill. 421, 428-29, 104 N.E.2d 222, 225.

The court in *Goodyear* recognized the computation might well have been erroneous but concluded that the court could not grant the injunctive relief requested. The court similarly held that objector-appellant could not maintain an action by way of a declaratory judgment, but should have pursued its remedies under the Revenue Act. Thus, on procedural grounds the taxpayer in *Goodyear* was precluded from obtaining the relief sought. Unlike the procedures followed by the objectior in the instant case, the taxpayer in *Goodyear* did not file a complaint with the "board of review," did not pay its taxes under protest, and did not file its objections in a court proceeding such as the one here.

We believe that a recomputation of the assessment and tax is warranted in this case. The proper formula for computing the assessment of a leasehold interest for taxing purposes is set forth in section 20(2) of the Revenue Act of 1939 (Ill. Rev. Stat. 1965, ch. 120, par. 501(2)) which provides:

"Each taxable leasehold estate shall be valued at its fair cash value, estimated at the price it would bring at a fair, voluntary sale."

■■ Furthermore, as explained by the court in *People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 18-19, 233 N.E.2d 568, 572-73:

"Fair cash value is synonymous with fair market value. (See *People ex rel. Frantz v. M.D.B.K.W., Inc.*, 36 Ill. 2d 209 (1966); Bonbright, The Valuation of Property, 460-62 (1937).) The fair cash value of a leasehold is its rental value in the market—the amount a willing lessee will pay a willing lessor, in a voluntary transaction, for the right to use and occupy the premises. (See *DeLuz Homes, Inc. v. County of San Diego*, 290 P.2d 544, 555 (Cal. 1955); *Shaia v. City of Richmond*, 207 Va. 885, 153 S.E.2d 257 (1967).) For tax evaluation purposes, an approved technique is to calculate the lump sum that represents the present economic equivalent of the periodic market rental to be paid through the unexpired term of the lease. (See *Shaia v. City of Richmond*, 207 Va. 885, 153 S.E.2d 257 (1967).)

* * *

The current annual market rental represents the current annual

value of the leasehold, and is the appropriate base figure from which to compute the value of the leasehold for the unexpired term.

\* \* \*

The present value of the current market rental payable in the future, which is the fair cash value of the leasehold, can be determined by multiplying the current market rental of a leasehold by the present value of an annual payment of one dollar for the unexpired term of the lease. See Babcock, The Appraisal of Real Estate 247-48 (1924); Curtis & Cooper, Mathematics of Accounting 297 (McCallion ed. 1961)."

In *American Airlines*, the court held that using the value of the fee in computing the value of the leasehold, was permissible. However, there the court had determined the valuation of the fee was in actuality more beneficial to the taxpayer, since the value of the fee appeared to be less than the value of the leasehold.

Although in the present case, there is no evidence indicating whether the value of the fee is less than the value of the leasehold, nevertheless we find the dissent in *American Airlines* to be particularly persuasive. Mr. Justice House stated:

"As presented, I agree that American's leasehold is not exempt from taxation, but I strongly disagree with a method of fixing valuation which produces a higher value than the fee. The record is not sufficient to determine the value of the taxable leasehold and the cause should be remanded for application of the relevant facts to the principles of leasehold valuation pointed out. In the event it is too late to now rectify the situation here, I would urge that in the next case involving this problem we return to principles long established."

■■ While we believe that what was assessed and taxed in the present case was the leasehold interest held by Dee El, we nevertheless feel that the wrong figures and the improper formula were applied. Instead of computing the assessment by evaluating the fair market value of the rental under the lease (*People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 233 N.E.2d 568), it appears that the assessor employed the value of the building itself. Consequently, we remand this cause with directions to the trial court to apply the relevant leasehold valuation techniques as espoused in *American Airlines* in order to determine the appropriate assessment of the leasehold and the proper tax to be applied thereto.

Affirmed in part, reversed in part. Cause remanded with directions.

DIERINGER, P. J., and JOHNSON, J., concur.