291 F.2d 677
 UNITED STATES of America and Phillips Petroleum Company, Appellants,
v.
BUREAU OF REVENUE OF STATE OF NEW MEXICO; Robert Valdez, Commissioner of Revenue; and Carl Folkner, Director School Tax Division, Bureau of Revenue, Appellees.
 No. 6608.
 United States Court of Appeals Tenth Circuit.
 May 16, 1961.
 
 1
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and George F. Lynch, Attorneys, Department of Justice, Washington, D. C., and James A. Borland, U. S. Atty., Albuquerque, N. M., for appellants.
 
 
 2
 Earl E. Hartley, Atty. Gen. of New Mexico, F. Harlan Flint, Asst. Atty. Gen., and John W. Chapman, Chief Counsel, Bureau of Revenue, Santa Fe, N. M., for appellees.
 
 
 3
 Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.
 
 
 4
 SAVAGE, District Judge.
 
 
 5
 This action was brought by the United States of America and Phillips Petroleum Company against the Bureau of Revenue of the State of New Mexico, Robert Valdez, Commissioner of Revenue, and Carl Folkner, Director School Tax Division, Bureau of Revenue, seeking a declaratory judgment that the New Mexico Emergency School Tax Act[1] is unconstitutional and for the recovery of taxes paid by Phillips Petroleum Company under protest in compliance with such Act.
 
 
 6
 The complaint alleges, and for our purposes it must be taken as true, that during the period from August 1, 1958, to March 31, 1960, Phillips processed uranium bearing ore at its mill in McKinley County, New Mexico, and sold uranium concentrate to the Atomic Energy Commission, an agency of the United States, in the amount of $25,968,108; that defendants assessed a tax on these sales in the amount of $129,840; that Phillips, at the request of the United States, paid the tax under protest; that by the terms of the contract between Phillips and the Atomic Energy Commission, the price paid to Phillips included the amount of the tax exacted and provided that Phillips would reimburse the Commission to the extent of any refund obtained; that the taxes were imposed pursuant to the provisions of the New Mexico Emergency School Tax Act which levies a tax upon persons engaged in the processing of metalliferous mineral products computed on the gross receipts of production within the State of New Mexico; that sales of such minerals to the United States are expressly subject to the tax although all sales of tangible personal property to the State, its political subdivisions, and all societies, hospitals, fraternal or religious organizations not organized for profit are exempt; that such Act is unconstitutional because it discriminates against the United States, its instrumentalities and those with whom it deals, and that the tax violates the immunity of the United States, its instrumentalities and agencies, from taxation.
 
 
 7
 The relief sought is a declaration that the Emergency School Tax Act is unconstitutional and a judgment in the amount of taxes paid by Phillips under protest, plus interest.
 
 
 8
 At the hearing on a motion to dismiss filed by the defendants, the United States and Phillips were permitted to amend their complaint by adding to their prayer for relief a request that the defendants be enjoined from the assessment or enforcement of the tax against them and all other persons engaged in the sale of tangible personal property or metalliferous metals to the United States.
 
 
 9
 The Court held that it was without jurisdiction on the grounds that the United States was not a real party in interest and that the action is precluded by 28 U.S.C.A. § 1341, and decided, in the alternative, if jurisdiction was present, that it should in the interest of comity forego its exercise.[2] An order of dismissal was entered from which this appeal was taken.
 
 
 10
 We hold that the Court has jurisdiction and the duty to proceed to a decision on the merits. The action pleaded by appellants is essentially to establish the right of the United States and those with whom it deals to be relieved from an unconstitutionally discriminatory tax and to assert the constitutional immunity of the United States from taxation by the state. The United States is the proper party to prosecute an action to protect its sovereign rights.[3] It is the real party in interest. If immunity from the state tax exists, it is in behalf of the United States. The exaction of the tax can only be resisted on such ground by the government or one who stands in its shoes. If the taxpayer has any right to assert the government's immunity, it is a "derivative one".[4]
 
 
 11
 The United States is not foreclosed from prosecuting this kind of action by Section 1341 of Title 28 U.S.C. A. While this section provides in substance that the district courts shall not enjoin the assessment of any tax under state law where "a plain, speedy and efficient remedy may be had in the courts of such State", we find no case construing this section to bar the United States from applying to her own courts for protection against an unconstitutional state tax. Application of the established rule that the sovereign is not bound by its legislative restrictions against the exercise of remedial rights unless such an intent is clearly expressed,[5] buttressed by a consideration of the legislative history of the Act,[6] has persuaded uniform decision that it was not intended to apply to the United States.[7]
 
 
 12
 The refusal of the district court to exercise its properly invoked jurisdiction was a clear abuse of discretion. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Allegheny County v. Mashuda Co., 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163. "When the validity of a state statute, challenged under the United States Constitution, is properly for adjudication before a United States District Court, reference to the state courts for construction of the statute should not automatically be made." N. A. A. C. P. v. Bennett, 360 U.S. 471, 79 S.Ct. 1192, 3 L.Ed.2d 1375.
 
 
 13
 If the state statute was fairly open to interpretation that would moot the constitutional question or even change the nature of the problem as in Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152, the postponement to await state court litigation would be warranted and perhaps even required. But this is not our case. The New Mexico statute in express terms makes the tax applicable to sales of metalliferous mineral ores to the United States, its departments or agencies, and exempts any such sales made to the State of New Mexico and to societies, hospitals, fraternal or religious organizations not organized for profit. The statute is unambiguous and leaves no room for construction. The rule of abstention on grounds of comity with the states does not permit the federal district courts to defer to the state courts for decision of federal constitutional questions.[8] We do not find here any exceptional circumstances justifying dismissal of the case to abide the outcome of present or proposed litigation in the state courts of New Mexico.
 
 
 14
 Reversed with directions to entertain the suit.
 
 
 
 Notes:
 
 
 [1]
 Sections 72-16-1 to 72-16-47, New Mexico Statutes Annotated, 1953 Comp., as amended
 
 
 [2]
 Other grounds were stated by the Court as a basis for its conclusions that jurisdiction was lacking, but such grounds are conceded to be without merit by appellees. Indeed, the appellees suggest that the only real question presented here is whether the Court abused its discretion in declining to exercise jurisdiction under the doctrine of comity
 
 
 [3]
 United States v. Allegheny County, 322 U.S. 174, 191, 64 S.Ct. 908, 88 L.Ed. 1209
 
 
 [4]
 James v. Dravo Contracting Co., 302 U.S. 134, 158, 58 S.Ct. 208, 82 L.Ed. 155; City of Detroit v. Murray Corp., 355 U.S. 489, 503, 78 S.Ct. 458, 2 L.Ed.2d 441 (concurring and dissenting opinion of Frankfurter, J.)
 
 
 [5]
 United States v. United Mine Workers, 330 U.S. 258, 272, 67 S.Ct. 677, 91 L.Ed. 884
 
 
 [6]
 S.Rep. No. 1035, H.Rep. No. 1503, 75th Cong., 1st Session
 
 
 [7]
 United States v. Woodworth, 2 Cir., 170 F.2d 1019; United States v. Livingston, D.C., 179 F.Supp. 9, affirmed per curiam, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719; Board of Com'rs of Pawnee County, Okl. v. United States, 10 Cir., 139 F. 2d 248, 250; United States v. City of New York, 2 Cir., 175 F.2d 75
 
 
 [8]
 United States v. Livingston, supra