**UNITED STATES of America, Reynolds Electrical & Engineering Co., Inc. and Cashman Equipment Co., Appellees,**

v.

**NEVADA TAX COMMISSION, Appellant.**

No. 23754.

United States Court of Appeals, Ninth Circuit.

March 19, 1971.

---

Robert A. Groves (argued), Harvey Dickerson, Atty. Gen. of Nev., Carson City, Nev., for appellant.

William Massar (argued), Atty., Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Chief., Washington, D. C., Bart M. Schouweiler, U. S. Atty., Reno, Nev., for appellees.

Before HAMLEY, BROWNING and HUFSTEDLER, Circuit Judges.

HAMLEY, Circuit Judge:

The United States, Reynolds Electrical & Engineering Co., Inc. (Reeco), and Cashman Equipment Co. (Cashman), brought this action against the Nevada Tax Commission for declaratory and monetary relief. Specifically, plaintiffs sought a judicial declaration that the Nevada Sales and Use Tax Act (Nev. Rev.Stat. §§ 372.105, .110, .185, .190) does not provide for any tax on the particular transactions described in the complaint, a judicial declaration that certain deficiency determinations made by defendant against Reeco and Cashman are illegal, and a refund of amounts paid under protest pursuant to such deficiency determinations.

The Commission moved to dismiss the action as to all plaintiffs upon the grounds that the complaint does not state a claim, the United States District Court is without jurisdiction, and the Government does not have standing to sue. The district court granted the motion as to Reeco and Cashman and denied it as to the Government. The Commission and the Government then filed cross motions for summary judgment. The district court granted summary judgment for the Government based upon an extensive memorandum opinion reported in 291 F.Supp 530 (D.Nev. 1968). This appeal followed.

The essential facts are set forth in the opinion of the district court and will not be repeated here.

The Government predicated district court jurisdiction upon 28 U.S.C. §§ 1331 and 1345. The Commission argues that the single district judge

lacked jurisdiction because the Government seeks to have the state statute declared unconstitutional, thereby requiring a three-judge district court pursuant to 28 U.S.C. § 2281.

■ In this suit the Government does not seek an "injunction restraining the enforcement, operation or execution" of a state statute, to use the language of section 2281. And even if we were to assume that a case could be stated in which an action solely for declaratory relief would be appropriate for consideration by a three-judge court, this is not such a case. As the Supreme Court said in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), section 2281 and its complement, 28 U.S.C. § 2282, were enacted to prevent a single federal district judge from being able to paralyze totally the operation of an entire statutory scheme, state or federal, by issuance of a broad injunctive order. The declaratory judgment here sought would not have this effect with respect to Nevada's Sales and Use Tax Act.

The Commission further contends that the district court lacked jurisdiction because the Nevada statute under which a recovery of taxes paid under protest may be sought, Nev.Rev.Stat. § 372.680, confines such suits to the state courts. Accordingly, the state argues, the United States must act in conformity with the limited waiver of the state's sovereign immunity manifested by that statute.

■ We do not agree. In United States v. California, 328 F.2d 729 (9th Cir. 1964) this court held that, under section 1345, original jurisdiction lies in the federal district court over civil suits brought by the United States against a state. The states waived their immunity to suit by the United States when they became members of the Union. *Id.*

at 737 n. 39. The waiver cannot be withdrawn or limited by state consent statutes. The cases cited by the Commission upholding the validity of a limited consent statute are cases between a private party and the state and are not controlling here. It is irrelevant, for jurisdictional purposes (although it may be relevant to a consideration of the issue of standing), that the United States might not be the "taxpayer" who is required to be the claimant in a recovery suit under Nev.Rev.Stat. § 372.680.

The Commission contends that the United States does not have the requisite interest to be a proper party plaintiff in this proceeding. The state argues that the corporate contractors, Reeco and Cashman, are the real parties in interest in this action and that the United States is acting as their "alter ego." In this connection, the Commission notes that Reeco and Cashman were dismissed as plaintiffs in the district court action because of the Eleventh Amendment's limitation on the jurisdiction of the district court and because, as private parties, Reeco and Cashman were bound by Nevada's limited consent to be sued for the recovery of taxes in its own courts.

The issue of the standing of the United States to bring a suit against a state for recovery of taxes paid by contractors and for a declaration that the tax was unconstitutionally discriminatory was considered in United States v. Bureau of Revenue of New Mexico, 291 F.2d 677 (10th Cir. 1961).[1] The district court had dismissed the action, partly upon the ground that the United States was not the real party in interest. The court of appeals reversed saying, on this point:

"The action * * * is essentially to establish the right of the United States and those with whom it deals

---

1. The ruling of the court of appeals in that case was perhaps disregarded by a three-judge court which considered the case on remand, 217 F.Supp. 849 (D.N.Mex. 1963), no appeal being taken from the latter decision. In any event, in Marquardt Corp. v. Weber County, 360 F.2d 168 (10th Cir. 1966), the Tenth Circuit adhered to the view expressed in its prior decision.

to be relieved from an unconstitutionally discriminatory tax and to assert the constitutional immunity of the United States from taxation by the state. The United States is the proper party to prosecute an action to protect its sovereign rights. * * * If the taxpayer has any right to assert the government's immunity, it is a 'derivative one.' " *Id.* at 678–679 (footnotes omitted).[2]

■■ Since the proper interest and standing of the United States as a party litigant, apart from any interest of the corporate contractors, is thus established, the Eleventh Amendment constitutes no barrier to the maintenance of the suit by the United States, because it is inapplicable to suits by the United States.

The Commission argues that the district court should have abstained from deciding the issues raised in this proceeding to allow the state court to construe the taxing statutes involved. In addition, the Commission urges that equitable relief in the form of a declaratory judgment should not be available to the United States since there is an adequate remedy at law in the state courts. We discuss these two arguments together since both hinge on the availability of the state court remedy.

■ The Nevada sales tax exempts from taxation receipts from the sale of tangible personal property to the United States. The district court found that the incidence of the Nevada sales tax fell on the buyer, and that the buyer, with regard to the assessed sales involved in this suit, was the United States. Both sides agree that a tax on sales to the United States is unconstitutional if the legal incidence of the tax falls on the vendee rather than the vendor.

■ With respect to the sales tax the statute is unambiguous. It exempts sales to the United States. The question of whether the United States is the purchaser, or, indeed, whether the incidence of the tax falls upon the purchaser or the seller, although closely linked with state law, is a question of federal law upon which decisions of the states are not binding.

In First Agricultural Nat'l Bank v. State Tax Commission, 392 U.S. 339, 88 S.Ct. 2173, 20 L.Ed.2d 1138 (1968) the Supreme Court ruled that the incidence of the Massachusetts' sales tax fell on the purchaser. *Id.* at 347, 88 S.Ct. 2173, 2177. The Massachusetts court had construed its own statute as being a tax on the seller, but "[b]ecause the question here is whether the tax affects federal immunity, it is clear that for this limited purpose we are not bound by the state court's characterization of the tax." *Id.* Similarly in Kern-Limerick, Inc. v. Scurlock, 347 U.S. 110, 74 S.Ct. 403, 98 L.Ed. 546 (1954), involving an Arkansas tax statute, the Court found that the United States, rather than the contractor, was the purchaser in certain allegedly taxable sales. *Id.* at 122, 74 S. Ct. 403. The highest court of Arkansas had concluded otherwise. *Id.* at 113, 74 S.Ct. 403. The Supreme Court, clarifying a possible contrary implication found in Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941), said that the issue was clearly one of federal law—"the duty rests on this Court to decide for itself facts or constructions upon which federal constitutional issues rest." *Kern-Limerick,* 347 U.S. at 121, 74 S.Ct. at 410 (footnote omitted).

■ We accordingly hold that the district court was not required to abstain from determining the Nevada sales tax issues in this case.

The challenge to Nevada's use tax was, prima facie, an appropriate issue for abstention. The assessments of the use tax were attacked on the motion for summary judgment solely on the ground that assessments on non-owner users

2. *See also* United States v. Department of Revenue of Illinois, 191 F.Supp. 723, 725–726 (N.D. Ill.1961).

were unauthorized by the state statute. The constitutional question involved discriminatory application of the provisions. The United States reserved the constitutional issue for trial should the district court find the taxes authorized by state law.

If the use tax provisions were construed not to authorize assessing non-owner users of property the constitutional issue would be avoided. If the statute was found to authorize assessments on non-owner users, resolution of the issue of the alleged discriminatory application would be necessary. The statute in question had never been construed by the state courts, and, if the pertinent provisions were unclear and subject to a narrowing interpretation which would eliminate the need for a constitutional adjudication, the state court should, under the abstention doctrine, have been allowed an opportunity to make such an interpretation.

■ First, a consideration which may make abstention inappropriate is the fact that the statute is arguably clear and unambiguous. Even though the use tax provision had not been considered by the Nevada courts, there had been consistent rulings on the critical language of the statute by the courts of other states which have similar statutes. In these other states it has been held that non-owner users were not taxed. Such interpretations weighed heavily with the district court. It diminished the amount of ambiguity which may be claimed on behalf of the Nevada use tax statute. It is, of course, only in the case of ambiguous state law that the abstention doctrine, as relevant to this case, is appropriate. *See, e. g.*, Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Reetz v. Bozanich, 397 U.S. 82, 86, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

Second, the United States attempted to give the Nevada courts an opportunity to pass on the issue when it moved in the district court to have the proceedings stayed in order to obtain a state ruling. An extensive hearing was conducted on the motion. The district court denied the motion because it was convinced that there were serious obstacles to the United States obtaining a declaratory judgment and construction of the statute in the state courts.

The court had good reason for coming to this conclusion. The state had indicated that it would oppose an action for declaratory relief in the state courts, even though counsel had told the court that the state did not oppose the motion "in substance." The state would oppose such a state court proceeding because it wanted the state litigation to be brought under the Nevada statute prescribing tax recovery procedures. The state also took the position that there was a serious question as to the standing of the United States to be a proper taxpayer-claimant in such a proceeding. The district court was therefore warranted in questioning the availability of state court channels through which to obtain the needed interpretation of the state law.

The Supreme Court has approved the use of abstention only where it appeared that there was an available state court procedure. Where no such procedure is available, abstention has not been required. In Hillsborough Tp. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946), for example, the Supreme Court dealt with a case which, in general, would have been a proper one for abstention by the federal district court. But the Court said abstention was unnecessary in part because it was uncertain that any method of challenging the assessments on local law grounds was available. *Id.* at 628, 66 S.Ct. 445.

■ When the uncertain availability of a method for obtaining a Nevada state court construction of the use tax statute of that state is considered in conjunction with the state's substantial opposition to the one route which might

have been available,[3] the district court was well advised in denying the motion for a stay.

Apart from the merits, the Commission's final attack upon the issuance of the declaratory judgment invokes the long-standing equity rule that equitable relief will be denied if there is an adequate remedy at law.[4] However, the considerations discussed above, which cast doubt upon the availability of any avenue of state relief and led the district court to deny the motion for a stay in the proceedings, also warrant the conclusion that the grant of equitable relief was not an abuse of discretion.

On the merits, the Commission argues: (1) the sales tax deficiencies were proper because under Nevada law the incidence of the tax is upon the retailer, and (2) the use tax deficiencies were proper because under Nevada law the use tax may be imposed upon use by one having incidents of ownership as distinguished from bare legal title.

For the reasons stated in the reported decision of the district court we hold against the Commission on both of these issues.

Affirmed.

3. Nevada has adopted the Uniform Declaratory Judgment Act, Nev.Rev.Stat. ch. 30.

4. Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932) relied upon by the Commission was a case in which an injunction was sought against the collection of state taxes. The opinion emphasizes that the federal right may be fully protected at law. *Id.* at 525, 52 S.Ct. 217. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943) holds that these same restraints apply to suits for declaratory judgments.