**UNITED STATES of America**

v.

**STATE OF TENNESSEE, City of Oak Ridge, Tennessee, and Martha B. Olsen, Commissioner of Revenue, State of Tennessee.**

Civ. No. 3–81–458.

United States District Court, E. D. Tennessee, N. D.

Dec. 31, 1981.

Thomas Dillard, U. S. Atty., Knoxville, Tenn., John F. Murray, John J. McCarthy, Charles E. Stratton, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Ronald N. Murch, William E. Lantrip, Attys. at Law, Oak Ridge, Tenn., for City of Oak Ridge.

Jim G. Creecy, Charles Lewis, Attys. at Law, Nashville, Tenn., for State of Tennessee and Olsen.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The United States brought this action to obtain a declaratory judgment that taxes assessed under a Tennessee statute upon the production of enriched uranium from the Government's contractor, Union Carbide, infringes upon the immunity of the United States from state and local taxation in violation of the Constitution. The parties have filed a stipulation of facts and upon those facts have moved for a summary judgment. The parties have briefed the issues and argued their positions before the Court.

The Tennessee General Assembly enacted Chapter 206 of the Public Acts of 1981, now Tenn.Code Ann. § 67–6201 *et seq.*, effective July 1, 1981. Section 3 of the statute provides:

> The production by any person in connection with any business for profit, regardless of the form of such profit, of special nuclear material is declared to be a taxable privilege upon which each county and/or municipality in which the special nuclear material is produced may levy such privilege tax by resolution or ordinance of the legislative body in accordance with the provisions of this act. Every person exercising such privilege shall be liable for the tax, whether such person's possession of such special nuclear material for purposes of production is by virtue of such person's ownership thereof or is pursuant to a lease, contract, license, loan or otherwise.

Section 2 defines "separative work units" as:

> the measure of effort expended to separate a given quantity of uranium (feed material) into two fractions, one a product fraction containing a higher concentration of U–235 than the feed material and the other, a tails fraction, containing a lower concentration of U–235.

By Resolution No. 6–45–81, dated June 1, 1981, the City of Oak Ridge, Tennessee levied the tax as authorized by the statute.

There exist today in the United States only three facilities for the enrichment of uranium whose effort can be measured in separative work units:

(a) The Oak Ridge Gaseous Diffusion Plant located in Oak Ridge, Tennessee, and operated for the United States by Union Carbide Corporation.

(b) The Paducah Gaseous Diffusion Plant located in Paducah, Kentucky, and operated for the United States by Union Carbide Corporation.

(c) The Portsmouth Gaseous Diffusion Plant located near Portsmouth, Ohio,

and operated for the United States by Goodyear Atomic Corporation.

A fourth facility for the enrichment of uranium is under construction in Ohio and is owned exclusively by the United States. No other facilities for the enrichment of uranium exist in the United States. Under Section 41(a) of the Atomic Energy Act of 1954, 42 U.S.C. § 2061(a), privately-owned facilities for the enrichment of uranium may be built. However, no such private uranium enrichment facility has ever been built in the United States, nor are any applications pending for licenses to do so. From time to time proposals by private entities have been advanced for building private uranium enrichment facilities outside of Tennessee, but none of these proposals has ever come to fruition or is currently pending. Presently, there are no known plans for construction and operation of any facility for the enrichment of uranium in Tennessee, either privately-owned or Government-owned.

All three current uranium enrichment facilities are owned exclusively by the United States and operated by private companies under contract. The Oak Ridge Gaseous Diffusion Plant is the only such facility in Tennessee. It is, therefore, the only entity subject to the tax which is the subject of this action.

The Oak Ridge Plant is operated for the United States by Union Carbide Corporation (Union Carbide) pursuant to Contract No. W–7405–ENG–26 (Contract) with the Department of Energy (DOE). The Contract defines and controls all activities performed by Union Carbide at the facility. It performs no work except that performed under the Contract. Decisions as to the quantity of enriched uranium to be produced at any given time and decisions as to assay (the degree to which a quantity of uranium is enriched) are made by DOE and periodically communicated to Union Carbide. The Oak Ridge Plant, including all equipment and other personal property, belongs to the United States. The personnel who operate the plant on a daily basis are those of Union Carbide Corporation. The

uranium which is enriched at the plant arrives and leaves in containers belonging to the domestic and foreign customers which use the uranium for commercial purposes. While the uranium is at the Oak Ridge Plant, pursuant to contract, it is the property of the United States.

In return for operating the Oak Ridge Plant and certain other Government-owned facilities, Union Carbide receives an annual fixed fee, payable in equal monthly installments. No funds of Union Carbide are involved in the operation of the Oak Ridge Plant. All costs for operation of the Oak Ridge Plant are paid from a special bank account maintained in the name of Union Carbide, which account is funded by a Letter of Credit issued by the Federal Reserve Bank of Atlanta in the amount of the total contract funds available. The unused balance of the Letter of Credit remains available until the bank is advised in writing by the Treasury Department of the United States that the Letter of Credit has been revoked. Title to the funds remains in the United States until disbursed by Union Carbide in payment of contract costs. Title to the funds never rests in Union Carbide.

The enriched uranium produced at the Oak Ridge Plant is sold directly by DOE to domestic and foreign customers for nuclear-powered electric generating plants. Union Carbide is not a party to such contracts nor is its annual fixed fee related in any way to revenue earned by DOE from the enrichment of uranium.

Plaintiff has moved for summary judgment on the ground that the tax in question discriminates against the United States and its contractors and because the tax is imposed upon an exclusive federal activity, both in violation of the Supremacy Clause. Defendants deny that the tax is unconstitutional and contend that the Government lacks standing to maintain this action.

Initially, we address the issue of standing. Defendants contend that Union Carbide is the proper party to bring suit since it is the entity which was taxed. We disagree. This is an action to establish and protect the sovereign rights of the United

States. The United States is, therefore, the proper party to bring this action. *United States v. State of Colorado*, 627 F.2d 217, 219 (10th Cir. 1980); *United States v. Nevada Tax Commission*, 439 F.2d 435, 438–39 (9th Cir. 1971). Any right of Union Carbide to be free from taxation is a derivative one. *United States v. Bureau of Revenue of New Mexico*, 291 F.2d 677, 679 (10th Cir. 1961).

We turn now to the merits of the case. Defendants rely on *Alabama v. King & Boozer*, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941); and subsequent cases, particularly *United States v. Boyd*, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713 (1964), to support their contention that the tax does not violate the Supremacy Clause. In *King & Boozer*, a Government contractor purchased lumber for use in constructing an army camp. By contract the Government was required to pay the contractor's costs plus a fixed fee. Thus, a state excise tax levied on the purchase was passed on to the Government. The court upheld the tax, holding that under the terms of the contract the contractor was the purchaser of the lumber and did not act as an agent of the Government. This case established that it is permissible for the Government to bear the economic burden of a state tax.

*Boyd* involves an assessment by the State of Tennessee against the Government's Oak Ridge facility. There the State imposed a contractor's use tax on Union Carbide and H. K. Ferguson Co., each of which had cost-plus fixed fee contract with the Atomic Energy Commission for work and services to be performed at Oak Ridge. Under the contracts purchases were made with Government funds and title to all materials passed directly from the vendors to the Government. The use tax was levied upon contractors using property in performance of their contracts, irrespective of the ownership of the property. The tax was measured by the purchase price or fair market value of the property. The Court held that the use of government-owned property by a federal contractor to perform a profitable contract was a separate taxable activity which gave it "a separate taxable interest." 378 U.S. at 44–45, 84 S.Ct. at 1521–1522.

Because the Court concluded that the companies were not agents or instrumentalities of the Government, their separate interests were held to be taxable. 378 U.S. at 48, 84 S.Ct. at 1524.

All parties rely on *United States v. County of Fresno*, 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977), and assert that its holding supports their respective positions. There the Court upheld a California statute which authorized counties to tax possessory interests in improvements on tax-exempt land. Pursuant to the statute the Counties of Fresno and Tuolumne imposed such a tax on United States Forest Service employees who lived in federally owned houses in the national forests located in those counties. The counties calculated the tax based on the annual estimated fair rental value of the houses, discounted by any disadvantages of location and the absence of any customary amenities. Essentially the same factors were considered by the Forest Service in calculating a deduction from the salaries of employees who occupied the dwellings.

The Court began its analysis with the landmark case of *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), and explained that Maryland's tax on the Bank of the United States was held to be invalid because no similar tax was imposed on other banks. The Court noted that the power to tax may be exercised to destroy. The Court stated further that

> the political check against abuse of the power to tax a State's constituents is absent when the State taxes only a federal function. A State's constituents can be relied on to vote out of office any legislature that imposes an abusively high tax on them. They cannot be relied upon to be similarly motivated when the tax is instead solely on a federal function. [Footnote omitted].

429 U.S. at 458–59, 97 S.Ct. at 702–703. The Court continued as follows:

> The rule to be derived from the Court's more recent decisions, then, is that the economic burden on a federal function of

a state tax imposed on those who deal with the Federal Government does not render the tax unconstitutional so long as the tax is imposed equally on the other similarly situated constituents of the State. [Footnote omitted].

429 U.S. at 462, 97 S.Ct. at 704–705. The Court held the possessory interest tax to be valid since other similarly situated taxpayers were subject to a tax. 429 U.S. at 465, 97 S.Ct. at 706.

▉ ⟨ Defendants contend that *Boyd* controls this case because the contract which the Court scrutinized is essentially the same contract as is now before the Court. *Boyd* clearly holds that a State may tax the beneficial use of federally-owned property by a federal contractor, even though the tax is measured by the value of the Government's property. *Accord: United States v. City of Detroit,* 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958). This is what defendants have attempted to do in this case. We cannot agree, however, that *Boyd* controls this case. Although the contract has remained essentially the same, the surrounding facts have changed. The tax in *Boyd* applied to all contractors in the State. The taxation scheme in this case is directed at one taxpayer, Union Carbide, a federal contractor. In the opinion of the Court, this is the kind of discrimination which is prohibited by *McCulloch.* The United States Court of Appeals for the Ninth Circuit struck down a similar statute in *United States v. State of Washington,* 654 F.2d 570 (9th Cir. 1981). At issue were sales and use taxes which applied only to federal contractors. The court stressed that such a tax has the potential of interfering with the functions of the federal government and that there was no similarly situated group of taxpayers to provide a political check on the State's taxing power. These considerations apply with equal force in this case. The State's contentions that political pressure to prevent an abusive state tax will be applied by potential private investors in uranium enrichment plants and through the State's desire to keep the facility at Oak Ridge are without merit. We agree with the Ninth Circuit that

Only when those similarly situated not dealing with the federal government feel the same tax burden as those dealing with it, can the State's constituency be relied upon to ensure that the taxation does not rise to abusive levels.

654 F.2d at 577. Potential investors cannot be relied upon to protect the interests of the United States.

Defendants maintain that the tax is broad enough to apply to other entities which now or in the future enrich uranium and that it is ·inconsequential that at present the Oak Ridge Plant is the only entity taxed. They contend that the tax would be invalid "only if it was imposed under its own terminology against the enrichment of uranium by contractors of the federal government and no others." (Brief for Defendants at 11). This argument ignores the practical application of this statute. The Court must look "through form and behind labels to substance." *City of Detroit v. Murray Corp.,* 355 U.S. 489, 492, 78 S.Ct. 458, 460, 2 L.Ed.2d 913 (1958). When this is done, we find that the Oak Ridge Plant, which is producing special nuclear material as directed by Congress, 42 U.S.C. § 2061(b), is burdened with a tax which no other entity in the State must pay. This, in the opinion of the Court, is contrary to the Supremacy Clause of the Constitution.

For these reasons, plaintiff is entitled to summary judgment. It is, therefore, ORDERED that judgment enter declaring that the tax on the production of enriched uranium is unconstitutional as applied to the Government's contractor, Union Carbide. It is further ORDERED that defendants' motions for summary judgment be, and the same hereby are, denied.

Order Accordingly.