**UNITED STATES of America, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 82–0923.**

United States District Court,
District of Columbia.

Sept. 3, 1982.

Opinion Vacated as Moot
April 14, 1983.

Charles E. Stratton, Dept. of Justice, Tax Div., John C. Martin, Asst. U.S. Atty., and John C. Salyer, Deputy Gen. Counsel to the Architect of the Capitol, Washington, D.C., for the U.S.

Richard L. Aguglia, District of Columbia Corp. Counsel, Washington, D.C., for the District of Columbia.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it two motions:[1] (1) Defendant's Motion to Dismiss; and, (2) Plaintiff's Motion for Summary Judgment.[2] For the reasons stated herein, the Court denies Defendant's Motion to Dismiss and grants Plaintiff's Motion for Summary Judgment. These motions are decided without oral argument.

## I.

## BACKGROUND

This is an action brought by the United States, seeking a declaratory judgment that the United States Capitol Historical Society ("USCHS") is a federal instrumentality and that the defendant, District of Columbia, has no power to tax sales by the USCHS. Alternatively, the United States seeks a declaration that USCHS is exempt from taxation because it operates in a federal enclave.

The USCHS is a nonprofit corporation organized under District of Columbia law and granted a federal charter in 1978. USCHS operates the Capitol Visitors Center on the United States' Capitol grounds as authorized by Title III of the National Visitors Center Facilities Act of 1968. Pub.L. No. 90–624 (40 U.S.C. § 831). The Society produces a variety of books, pamphlets, brochures and general merchandise which are sold at the Visitors Center.[3]

In November 1981, defendant filed suit against USCHS in the District of Columbia Superior Court to collect $743,029.30 in sales taxes, penalties and interest. Defendant also sought a declaratory judgment to require the Society to collect sales taxes and file sales and use tax returns.[4] *District of Columbia v. United States Capitol Historical Society*, CA No. 81–3119 (hereinafter *"DC v. USCHS"*). A third party complaint was filed against the United States and the case was removed to federal district court. This Court dismissed the third party complaint and remanded to the Superior Court. Thereafter, the United States brought this action in federal district court and the motions pending before the Court were filed.

---

1. A third motion was filed in this case—Plaintiff's Motion to Stay the Proceedings in *District of Columbia v. United States Capitol Historical Society*, CA No. 81–3119 (*"DC v. USCHS"*) pending the resolution of the matter currently before the Court. However, on August 12, 1982, Superior Court Judge Carlisle E. Pratt stayed the proceedings in *DC v. USCHS* until this Court has ruled in this case. Therefore, Plaintiff's Motion to Stay Proceedings is now moot.

2. Defendant has not filed an opposition to Plaintiff's Motion for Summary Judgment. Pursuant to this Court's Order of June 4, 1982, defendant was given leave to respond to that motion 10 days after service upon defendant of an Order denying its Motion to Dismiss. However, because there are no disputed issues of material fact and because the Court believes that plaintiff is entitled to judgment as a matter of law, the Court grants summary judgment at this time.

3. Defendant has never sought to tax sales of educational material. Rather, this dispute centers on taxation of items of general merchandise such as jewelry, slides and photographic supplies. Additionally, the status of the sales of the "We the People" calendar is in dispute because the District of Columbia has included such sales in its assessments. Ninety-three percent of calendar sales are to members of Congress. These sales constitute a major portion of the sales made by the USCHS and a major part of the assessments levied by defendant.

4. In that suit the District of Columbia also sought to have the Court declare valid a lien it filed against the USCHS but this issue has no bearing on the matter before the Court.

## II

### DEFENDANT'S MOTION TO DISMISS IS DENIED BECAUSE THE UNITED STATES HAS STANDING AND THE SUIT IS NOT BARRED BY RES JUDICATA OR COLLATERAL ESTOPPEL

Defendant moves to dismiss Plaintiff's Complaint for Declaratory Judgment on three grounds: (a) res judicata; (b) standing; and, (c) collateral estoppel.

█ (a) Defendant contends that because the instant case is virtually identical to the case of *DC v. USCHS,* this Court's remand of the latter case bars this action under the doctrine of res judicata. The Court disagrees. This Court's Order of March 22, 1982 struck the third party complaint filed by the USCHS against the United States and then remanded the case to the Superior Court because the grounds for removal were eliminated once the United States was no longer a party. The Order merely determined that USCHS had not filed a proper third party complaint against the United States under Rule 14(a) Fed.R.Civ.Pro., as the District of Columbia argued at that time.[5] At most, this Order could bar USCHS from refiling the third party complaint against the United States in the case of *DC v. USCHS* and again seeking removal. But it does not preclude the filing of the instant case which is a separate action brought by the United States to protect its sovereign rights.

In this action, jurisdiction is clearly conferred upon this Court by 28 U.S.C. § 1345. See *United States v. District of Columbia,* 669 F.2d 738, 741–42 (D.C.Cir.1981) (hereinafter "*US v. DC*").

(b) The defendant alleges that the United States does not have standing to bring this complaint because, first, it has suffered no injury and second, the USCHS is not a federal agency. The Court rejects these arguments.

█ The requirements for standing in a suit brought by the United States are not the same as for a private person. *United States v. City of Jackson, Mississippi,* 318 F.2d 1, 15 (5th Cir.1963). The United States need not show that it has suffered pecuniary harm. *United States v. County of Arlington Virginia,* 669 F.2d 925 (4th Cir.1982); *United States v. Lewisburg Area School District,* 539 F.2d 301 (3d Cir.1976). Rather, the United States may sue to vindicate its own policies and authority, to enforce laws of the United States, and to protect its sovereign rights. *United States v. County of Arlington, Virginia, supra* at 928–29; *1 Moore's Federal Practice* ¶ 0.65 [1–1] n. 2 at 700.81 (2d ed. 1982). In this case, the United States is doing precisely that—it is suing to protect its sovereign right to be immune from taxation. If immunity from taxes imposed by the District exists, it is on behalf of the United States either because USCHS is a federal instrumentality or because it operates in a federal enclave. The USCHS' right to be free of the taxes is solely derivative. *See United States v. Bureau of Revenue,* 291 F.2d 677, 679 (10th Cir.1961). Thus, the United States is the real party in interest and clearly has standing to sue to enforce its sovereign rights.

█ (c) Finally, defendant argues that plaintiff is collaterally estopped from claiming tax immunity because it abandoned that argument at an early stage in *US v. DC,* 669 F.2d 738 n. 1 (D.C.Cir.1981) and the Circuit Court rejected the argument. The Court finds, however, that collateral estoppel does not apply in this case because the issues presented here are not the same issues decided in *US v. DC.* Collateral estoppel only applies to issues actually raised and concluded in the prior action. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The issues in the instant case are different from those in *US v. DC* in two respects. First, the United States did not argue that the organization

---

**5.** Memorandum of Points and Authorities in Support of Plaintiff District of Columbia's Motion to Strike Third-Party Complaint and to Remand Case to the Superior Court of the District of Columbia at pp. 4–5 (February 16, 1982).

in *US v. DC* was entitled to tax immunity as a federal instrumentality. Instead, that case focused on the legal incidence of the tax and statutory sections exempting sales *to* the United States. Second, this case asserts federal tax immunity by virtue of USCHS being located on the grounds of the Federal Capitol—a federal enclave. This question did not arise in *US v. DC*.

Thus, the United States does have standing to bring the above entitled action and its claim is not barred by either res judicata or collateral estoppel. Defendant's Motion to Dismiss is, therefore, denied.

### III.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS GRANTED BECAUSE THE USCHS IS A FEDERAL INSTRUMENTALITY IMMUNE FROM TAXATION

The plaintiff presents two questions for decision on summary judgment. The first question is whether the USCHS is a federal instrumentality entitled to federal tax immunity under the Supremacy Clause. The second question is whether the District of Columbia is barred from imposing a sales tax on persons or organizations with respect to activities conducted on the Capitol Grounds because the grounds constitute a federal enclave within the federal government's exclusive jurisdiction. The Court grants plaintiff's motion because it holds that the USCHS is a federal instrumentality. The Court therefore finds it unnecessary to consider the second question presented.

There is no simple test for determining when an entity is so closely related to the government as to be a federal instrumentality immune from taxation. As noted by the Supreme Court, it often seems that "the line between the taxable and the immune has been drawn by an unsteady hand." *United States v. County of Allegheny*, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944). *See also United States v. New Mexico*, 455 U.S. 720, 730–32, 102 S.Ct. 1373, 1380–81, 71 L.Ed.2d 580 (1982) (Courts decisions in the area of tax immunity fail to speak with one voice). Yet, by examining the cases in which the Supreme Court has found that an entity is a federal instrumentality, it is possible to discern a number of factors that aid in making such a determination. The foremost cases in this area that are of use in the matter at hand are *Department of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966) in which the Supreme Court held that the American National Red Cross is a federal instrumentality and *Standard Oil Co. v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942) in which the Supreme Court held that army post exchanges are federal instrumentalities.

Applying the factors that the Supreme Court has relied upon in its federal instrumentality cases to the case at hand, the Court finds that the USCHS is a federal instrumentality entitled to tax exempt status. Like the Red Cross, the USCHS operates pursuant to federal charter and is audited by the federal government. It is subject to government supervision in that the items sold at the Visitors Center (including items of general merchandise) must be approved by the Architect of the Capitol in consultation with the relevant House and Senate committees. The day to day operations of the USCHS and the Visitors Center are not under direct government control. But the Supreme Court has noted that this fact does not mean that the organization in question is not a federal instrumentality. Neither the Red Cross in *Department of Employment* nor the post exchanges in *Johnson* were directly controlled by the United States, yet the Court found both to be federal instrumentalities.

Unlike the Red Cross, USCHS is not headed by a Presidential appointee. Nor is the President of USCHS a government employee as are the officers in charge of post exchanges. Rather, the USCHS is headed by a President elected by the membership. However, the USCHS does have an Honorary Board of Trustees. The President and Vice President of the United States and other distinguished government figures are

members of the Board. This is an indication of the unusual relationship the USCHS has with the federal government.

Perhaps the most important factor in this Court's determination that the USCHS is a federal instrumentality is that all profits of the Society are dedicated to achieving its purposes: "to preserve and improve the Capitol, research, publish, create items, medals and materials of historical interest and to cooperate with congressional committees and federal agencies in the work of the Society and the distribution of its products." Congressional Charter for USCHS, Pub.L. No. 95–493 (October 20, 1978). None of the Society's profits inure to the benefit of its members. Instead, the moneys are used to advance a national cause.

The Supreme Court highlighted the importance of this factor in *Johnson* where it pointed out that none of the profits from the post exchange went to individuals, rather, all earnings were used to add to the pleasure and comfort of the troops. 316 U.S. at 485, 62 S.Ct. at 1170. The Court further noted the importance of this factor in *United States v. Livingston,* 179 F.Supp. 9 (E.D.S.C.1959), *aff'd* 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (1960), when it affirmed a district court's ruling that a private corporation that contracted with the government to perform services for one dollar was the alter ego of the government and thus tax immune. In that case the Court stressed the fact that the corporation was acting "out of a high sense of public responsibility." *Id.* at 23. *Cf. United States v. Boyd,* 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713 (1964) (contractors for profit held not federal instrumentalities—key element is use of property in connection with own commercial activities). Like the contractor in *Livingston,* the USCHS conducts all of the activities in which it engages as a patriotic service, with no prospect of monetary gain for any of the individuals involved. This factor weighs heavily in favor of finding that the USCHS is a federal instrumentality.

In considering cases in which an organization claimed to be a federal instrumentality, the Supreme Court has also focused on the financial relationship between the entity and the government. In *Department of Employment,* the Court cited as a factor in its decision the fact that the Red Cross receives substantial government contributions. Yet, in *Johnson,* the Court concluded that post exchanges were federal instrumentalities despite the fact that the government assumed none of the risk of their operation. Similarly, the USCHS bears all financial risk and burden of its activities. Yet, on the other hand, it is given substantial government assistance in the form of rent free space in the Nation's Capitol in which it operates the Visitor's Center. Thus, the USCHS' financial relationship with the government demonstrates both the independence found in *Johnson* and the interdependence evident in the *Department of Employment.*

Another of the most significant factors in a determination that an entity is a federal instrumentality is that the entity performs an essential function for the government. The USCHS does perform such a function. It provides valuable services as the principal historian for the United States Capitol. The USCHS also provides services to Congress. A majority of the sales made by the USCHS are of the "We the People" calendar and 93% of these calendars are sold to members of Congress who give them to their constituents. Additionally, by operating the Visitor's Center the USCHS provides education, information and convenience to Congress and visitors to the Capitol. The Court finds that the USCHS is an "instrumentality so closely connected to the government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed [—here the operation of the Capitol Visitor's Center —] is concerned." *United States v. New Mexico,* 455 U.S. 720, 735, 102 S.Ct. 1373, 1382, 71 L.Ed.2d 580 (1982).

■ In arguing that USCHS is not a federal instrumentality the District of Columbia points to two provisions in the contract providing for operation of the Visitor's Center. These provisions state that

the USCHS is not an agent of the United States and that the USCHS agrees to hold the United States harmless for any claims against the Society. But this argument confuses agency with federal instrumentality status. The federal government may not be liable for torts of employees of its instrumentalities but it is liable for acts committed by agents of the government. Thus, an entity need not be in an agency relationship with the United States to be a federal instrumentality. For example, the Red Cross is not an agency of the United States but it is an instrumentality. *Department of Employment v. United States,* 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966). See also *United States v. New Mexico,* 455 U.S. 720, 736, 102 S.Ct. 1373, 1383, 71 L.Ed.2d 580 (1982) ("a finding of constitutional tax immunity requires more than the invocation of traditional agency notions"). Thus, although these contract provisions establish that USCHS is not an agent of the government they do not effect a finding that the USCHS is a federal instrumentality.

Having held that the USCHS is a federal instrumentality the Court necessarily must conclude that the USCHS is exempt from taxation.[6] "Under the Supremacy Clause, as interpreted in a line of cases dating to *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 436–37, 4 L.Ed. 579 (1819), federal instrumentalities are immune from taxation by a State, unless such taxation is specifically authorized by Congress. See e.g., *First National Bank v. State Tax Commission,* 392 U.S. 339, 88 S.Ct. 2173, 20 L.Ed.2d 1138 (1968); *Smith v. Kansas City Title Trust Co.,* 255 U.S. 180, 212–13, 41 S.Ct. 243, 249, 65 L.Ed. 577 (1921); *United States v. States Tax Commission,* 481 F.2d 963, 969 (1st Cir.1973)." *United States v. Maine,* 524 F.Supp. 1056, 1058 (D.Me.1981). The Court finds that Congress did not specifically authorize the District of Columbia to tax the USCHS. Although the District is regulated by Congress, Section 47–2605(m) of the D.C. Code limits the District of Columbia's taxing power to the same extent that the states are limited by the federal constitu-

tion. *United States v. District of Columbia,* 669 F.2d 738, 747 (D.C.Cir.1981). Thus, because states would be barred from taxing a federal instrumentality—here the USCHS—the District of Columbia too is precluded from exacting such a tax.

An Order in accordance with the foregoing shall be issued of even date with this Opinion.

### ORDER

Upon consideration of Plaintiff's Motion to Stay, Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment and the oppositions to these motions and the entire record in this case, it is, by the Court, this 2nd day of September, 1982, hereby,

ORDERED that Plaintiff's Motion to Stay is dismissed as moot; and it is further,

ORDERED that Defendant's Motion to Dismiss is denied; and it is further,

ORDERED that Plaintiff's Motion for Summary Judgment is granted.

---

6. This case is different than other cases dealing with federal instrumentalities and tax immunity in that here the District seeks to tax sales *by* a federal instrumentality rather than *to* such an entity. However, the Court concludes that this distinction does not require a different result.