UNITED STATES of America and Western Electric Company, Incorporated, Appellees,

v.

Byron L. DORGAN, as State Tax Commissioner of and for the State of North Dakota, and his successors in office, et al., Appellants.

No. 75–1090.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1975.

Decided Sept. 10, 1975.

Kenneth M. Jakes, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellants.

Alfred S. Lombardi, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellees.

Before LAY and STEPHENSON, Circuit Judges, and REGAN, District Judge.*

LAY, Circuit Judge.

The United States and Western Electric seek a declaratory judgment that North Dakota sales and use taxes are unconstitutional as applied to Western Electric's purchases under a defense contract. In essence, they argue that Western Electric acts under the contract as a federal instrumentality and therefore enjoys the immunity of the Federal Government.

Western Electric contracted with the Army to design and install certain equipment at "Safeguard System" missile bases in North Dakota. When North Dakota informally evidenced an intention to tax the defense contractor, the United States and Western Electric filed this action seeking declaratory relief. The next day North Dakota's Tax Commissioner issued a "Notice of Determination", asserting that Western Electric owed in excess of $54 million in sales and use taxes and that the tax would become final unless Western Electric applied for an administrative hearing. Western Electric requested a hearing, but before one was held, the district court granted the government's motion for an order staying the state administrative proceedings *pendente lite.* From this interlocutory order the State Tax Commissioner appeals, urging that the district court abused its discretion in granting the stay.

■■ We need not reach that issue, however, for we find that the district court was without jurisdiction to issue

* The Honorable JOHN K. REGAN, United States District Judge, Eastern District of Missouri, sitting by designation.

the stay.[1] Under 28 U.S.C. § 2281, a three-judge district court must be convened to grant injunctive relief under the circumstances existing here. Section 2281 provides:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

The government urges that since the constitutional challenge to the state statute is based on the Supremacy Clause, under *Swift & Co. v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965), a three-judge court is not required to enjoin enforcement of the state statute. In *Swift,* however, only the construction of two statutes, one state and one federal, was at issue rather than an interpretation of the Federal Constitution. More on point is *Department of Employment v. United States,* 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966). There the Red Cross and the United States sued as coplaintiffs to enjoin application of Colorado's unemployment compensation taxes to the Red Cross on the ground that it

was a federal instrumentality immune from state taxation. A three-judge court had granted the injunction. When jurisdiction was challenged on direct appeal to the Supreme Court, that Court held:

> Any challenge to the applicability of the three-judge court provision, 28 U.S.C. § 2281, is foreclosed by this Court's decision in *Query v. United States,* 316 U.S. 486 [62 S.Ct. 1122, 86 L.Ed. 1616] (1942), where the Court held that three judges were required to entertain a suit to enjoin a state tax statute sought to be enforced against an Army Post Exchange which asserted its immunity as a federal instrumentality, and we do not consider that our later decision in *Swift & Co. v. Wickham,* 382 U.S. 111 [86 S.Ct. 258, 15 L.Ed.2d 194] (1965), requires a different conclusion.

385 U.S. at 357, 87 S.Ct. at 466.

■ The government next asserts that this order was not an injunction upon the ground of unconstitutionality within the meaning of § 2281, and that instead this order is governed by 28 U.S.C. § 2283 as necessary in aid of the court's jurisdiction.[2] The government urges that the stay was aimed at aiding the district court to reach a substantive determination, and was not a substantive determination itself. The argument is premised on the assumption that the three-judge court requirement of § 2281

---

1. An order staying proceedings before another court or administrative body is an order granting an injunction and therefore appealable under 28 U.S.C. § 1292(a)(1). *See Penoro v. Rederi A/B Disa,* 376 F.2d 125, 128 (2nd Cir. 1967); *accord, Firestone Tire & Rubber Co. v. International Union,* 476 F.2d 603, 604–05 (5th Cir. 1973); *Canadian Filters (Harwich) Ltd. v. Lear-Siegler, Inc.,* 412 F.2d 577 (1st Cir. 1969); *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 189 F.2d 31 (3rd Cir. 1951), *aff'd* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). *See also* 9 J. Moore, Federal Practice ¶ 110.20[1], at 235 (2d ed. 1973).

2. 28 U.S.C. § 2283. *Stay of State court proceedings*

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Where the United States seeks to restrain the assessment and collection of state taxes an injunction is not barred under 28 U.S.C. § 2283. *See Department of Employment v. United States,* 385 U.S. 355, 358, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 225–26, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957).

does not apply to injunctions in aid of jurisdiction under § 2283.[3]

 In analyzing this contention, it is helpful to review the history of the three-judge court statute and the background of the Declaratory Judgment Act, 28 U.S.C. § 2201. The original purpose of the predecessor to § 2281 is discussed in *Goldstein v. Cox,* 396 U.S. 471, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970), where the Court observed:

> As originally enacted, the Three-Judge Court Act required that no *interlocutory* injunction restraining the operation of any state statute on constitutional grounds could be issued, except by a three-judge court, and provided that "[a]n appeal may be taken directly to the Supreme Court of the United States from the order granting or denying . . . an interlocutory injunction in such case." 36 Stat. 557. The Act grew out of the public furor over what was felt to be the abuse by federal district courts of their injunctive powers in cases involving state economic and social legislation. While broad and radical proposals were made to deal with the problem, including proposals to deprive the federal courts of all jurisdiction to enjoin state officers, Congress compromised on a provision that would deal with what was felt to be the worst abuse—*the issuance of temporary restraining orders and preliminary injunctions against state statutes,* either *ex parte* or merely upon affidavits, and subject to limited and ineffective appellate review. See *Phillips v. United States,* 312 U.S. 246, 250 [61 S.Ct. 480, 85 L.Ed. 800] (1941); Hutcheson, A Case for Three Judges, 47 Harv.L.Rev. 795, 803–810 (1934); Note, The Three-Judge District Court and Appellate Review, 49 Va.L.Rev. 538, 539–543 (1963).

396 U.S. at 476, 90 S.Ct. at 674 (emphasis added).

Thus, the very abuse at which the statute was aimed is the remedy the government requests here: a single federal judge issuing an interlocutory injunction against enforcement of a state statute before the state has an opportunity for a full hearing on its constitutional merits. In *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) the Court expanded the historical perspective:

> A "storm of controversy" raged in the wake of *Ex parte Young* [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714], focusing principally on the power of a single federal judge to grant *ex parte* interlocutory injunctions against the enforcement of state statutes. . . This uproar was only partially quelled by Congress' passage of legislation, 36 Stat. 557, requiring the convening of a three-judge district court before a preliminary injunction against enforcement of a state statute could issue, and providing for direct appeal to this Court from a decision granting or denying such relief. See 28 U.S.C. §§ 2281, 1253. From a State's viewpoint the granting of injunctive relief—even by these courts of special dignity—"rather clumsily" crippled state enforcement of its statutes pending further review. . . . Furthermore, plaintiffs were dissatisfied with this method of testing the constitutionality of state statutes, since it placed upon them the burden of demonstrating the traditional prerequisites to equitable relief—most importantly, irreparable injury. See, *e. g., Fenner*

---

**3.** It can be argued that § 2283 is inapplicable here, not only because the United States is seeking the stay but because there was no pending state *court* proceeding. All that had taken place was the mailing to Western Electric of a tax assessment notice and the scheduling of an administrative hearing. Section 2283 has been held not to apply at all unless there is a currently pending state court proceeding. *See Engelman v. Cahn,* 425 F.2d 954, 958 (2nd Cir. 1969) (Friendly, J.), *cert. denied,* 397 U.S. 1009, 90 S.Ct. 1238, 25 L.Ed.2d 422 (1970); *Tampa Phosphate R. Co. v. Seaboard Coast Line R. Co.,* 418 F.2d 387 (5th Cir. 1969), *cert. denied,* 397 U.S. 910, 90 S.Ct. 907, 25 L.Ed.2d 90 (1970). If § 2283 does not apply then the power if any to issue this order must come from 28 U.S.C. § 1651 of the All Writs Act.

*v. Boykin,* 271 U.S. 240, 243 [46 S.Ct. 492, 70 L.Ed. 927] (1926).

*Id.* at 465–66, 94 S.Ct. at 1219.

Thus, in view of the onerous burden cast on a party requesting injunctive relief, the Declaratory Judgment Act was created to enable a federal court to determine the constitutionality of a statute without issuing a preliminary injunction with its coercive effect. As stated in *Perez v. Ledesma,* 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971):

> The express purpose of the Federal Declaratory Judgment Act was to provide a milder alternative to the injunction remedy. . . .
>
> . . . . .
>
> . . . Though it may be persuasive, it is not ultimately coercive; non-compliance with it may be inappropriate, but is not contempt.

*Id.* at 111, 126, 91 S.Ct. at 690, 696.

■■ If the government's position is correct, and a *single* judge under § 2283 (or § 1651) may enjoin enforcement of a state statute by granting a stay in aid of its jurisdiction, then the government has discovered an easy way to circumvent the Congressional purpose in requiring three judges to hear such cases. Under the government's approach, a litigant could avoid the requirements of § 2281 merely by seeking declaratory relief before a single judge and then moving to stay the state proceeding in which the statute is being enforced. The trial court's characterization of its order as simply in aid of its jurisdiction or as in fact issued on the substantive grounds of irreparable harm and probability of success on the merits is of little moment.[4] The coercive effect is the same, and the provisions of § 2281 require three judges to grant the injunctive relief.[5]

■ A party seeking a preliminary injunction is required to demonstrate the traditional prerequisites for injunctive relief. *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 225, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957).[6] Movants must demonstrate a substantial probability of success on the merits and irreparable injury. *See Minnesota Bearing Co. v. White Motor Corp.,* 470 F.2d 1323, 1326 (8th Cir. 1973).[7] It is not clear whether under the plaintiffs' view of the statutes the movant would still be required to demonstrate these prerequisites. If not, the plaintiffs' argument circumvents not only § 2281's requirement of a three-judge court but also the heavy burden required for the issuance of a preliminary injunction.

Under the circumstances we do not pass on whether the court abused its

4. Apropos here is *Board of Managers v. George,* 377 F.2d 228, 231 (8th Cir.), *cert. denied,* 389 U.S. 845, 88 S.Ct. 105, 19 L.Ed.2d 114 (1967):

> It would clearly be a "contradiction of reason" to attempt to enjoin the state from enforcement of a statute and at the same time not pass upon the constitutionality of the statute. Cf. United States ex rel. *McNeill v. Tarumianz,* 3 Cir., 242 F.2d 191.

5. Under present law, a three-judge court is required even when the constitutional challenge is made to the statute "as applied" as in the instant case. *See Department of Employment v. United States,* 385 U.S. 355, 356, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); *Oklahoma Natural Gas Co. v. Russell,* 261 U.S. 290, 292, 43 S.Ct. 353, 67 L.Ed. 659 (1923).

6. In *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957), the United States sought a stay of state court proceedings, alleging and proving irreparable injury. The Supreme Court stated:

> There can be no doubt, apart from the restrictions of 28 U.S.C. § 2283, of the right of the United States to enjoin state court proceedings *whenever the prerequisites for relief by way of injunction be present.*

*Id.* at 225, 77 S.Ct. at 290 (emphasis added). (The Supreme Court went on to hold that § 2283 was inapplicable to the United States when it was a plaintiff).

7. Other factors relevant to the determination of whether a preliminary injunction should issue are inadequacy of a remedy at law and consideration of other equities such as harm to others and to the public interest. *See Economic Development Corp. v. Model Cities Agency,* 519 F.2d 740 (8th Cir. 1975); *Minnesota Bearing Co. v. White Motor Corp., supra* at 1326.

discretion by granting the stay or in refusing to abstain in deference to the state administrative proceeding. We hold that a single judge was without jurisdiction to enter a preliminary injunction against the enforcement of the state statute when a declaration of unconstitutionality of that statute was the relief sought. The motion for the stay required the district court to request a three-judge court to pass on the injunctive relief sought.

The stay is vacated and the cause remanded to the district court for further proceedings.