UNITED STATES of America and
Western Electric Company,
Incorporated, Plaintiffs,

v.

Byron L. DORGAN, as State Tax Commissioner of and for the State of North Dakota, and his successors in office, et al., Defendants.

Civ. No. A3–74–60.

United States District Court,
D. North Dakota,
Southeastern Division.

May 17, 1976.

Harold O. Bullis, U. S. Atty., Fargo, N. D., and William L. Shraberg, Dept. of Justice, Washington, D. C., for the United States.

Frank J. Magill, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for Western Elec. Company, Inc.

Kenneth M. Jakes, Albert R. Hausauer, Robert W. Wirtz, Sp. Asst. Attys. Gen., State of N. D., Bismarck, N. D., for defendants.

MEMORANDUM AND ORDER

Before BRIGHT, Circuit Judge, BENSON, Chief District Judge, and VAN SICKLE, District Judge.

BENSON, Chief District Judge.

Plaintiffs, United States of America and Western Electric Company, Incorporated, have renewed their motion before this three-judge court, for an order staying, pending a final determination in this action, state administrative tax assessment proceedings. The Eighth Circuit Court of Appeals reversed an order of the trial court[1] granting such a stay, ruling a single federal judge was without jurisdiction to issue "an interlocutory injunction against enforcement of a state statute before the state has an opportunity for full hearing on its constitutional merits." *United States v. Dorgan*, 522 F.2d 969, 972 (8th Cir. 1975). The injunctive relief sought can only be granted by a three-judge district court. *United States v. Dorgan, supra,* at 973. The Court of Appeals further ruled the movants must satisfy the traditional prerequisites for injunctive relief, a substantial probability of success on the merits, and irreparable injury.[2]

After a hearing on the motion, this Court, for reasons that follow, finds the traditional prerequisites of injunctive relief to be present.

The right to a choice of forum is the issue presented to the Court on Plaintiffs' motion, which is corollary to one of the basic issues in the litigation, on whom does the incidence of the tax fall, and possible immunity. The United States courts alone can finally determine this basic issue, because the United States cannot be forced to submit to state court jurisdiction. *See Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957).

Under a NDCC Section 57–39.2–15 administrative procedure, the State Tax Commissioner of the State of North Dakota, to avoid the possible running of a three year period of limitation, levied a sales and use tax assessment in the amount of $54,078,-756.98 against Western Electric, which by law, would become finally and irrevocably fixed unless Western Electric made application for a NDCC Chapter 28–32 administrative hearing. In the administrative hearing, the burden would be on Western Electric to produce evidence that the tax determination was incorrect. On an appeal from a tax commissioner's administrative hearing determination the judicial review permitted by statute is limited to a review of the record. *See,* NDCC 28–32–19.

At the hearing before this three-judge United States District Court, it was brought out that the tax commissioner's determination of use and sales tax owed was made without audit, and it appears that it was probably based on gross estimates of materials and services purchased and consumed in the implementation of the contract between the United States and Western Electric for the design, production and installation of equipment for use in the Safeguard anti-ballistic missile defense system located within the State of North Dakota.

The United States has made a substantial showing before this Court that under its contract with Western Electric, it would be required to pay any amount of sales and use tax ultimately determined to be due the State of North Dakota arising out of the contract.

Only Western Electric is a party to the state proceedings. If a final judgment should be reached in the state proceedings before the final judgment is rendered in the action now pending in this Court, the state judgment would be *res judicata* as to Western Electric. Such a judgment would not

1. *See, United States v. Dorgan*, 385 F.Supp. 349 (D.N.D.1974). Both the District Court opinion as well as the Circuit opinion carry a summary of pertinent facts.

2. "A party seeking a preliminary injunction is required to demonstrate the traditional prerequisites for injunctive relief. *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 225, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). Movants must [also] demonstrate a substantial probability of success on the merits and irreparable injury. See *Minnesota Bearing Co. v. White Motor Corp.*, 470 F.2d 1323, 1326 (8th Cir. 1973)." *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

bind the United States. If the final judgment of this Court should find Western Electric not liable for the tax, Western Electric would be caught between two conflicting judgments. It would be bound by the state judgment to pay the tax and at the same time, the United States, in reliance on the final judgment of this Court, could refuse to reimburse Western Electric. As the result of conflicting judgments, Western Electric would be forced to accept a loss which could be substantial. In addition, Western Electric would be compelled to litigate identical issues simultaneously in the courts of the State and in the courts of the United States. The expenditure of resources in such simultaneous litigation and the unusual risk incident to the litigation constitutes "irreparable injury".

The legal issues in this case are substantial. Aside from the immunity issue, there is a substantial issue of whether sales and use tax consequences arose from the implementation of the United States-Western Electric contract, and if such tax consequences arose, the amount of those taxes. Considering the fact that the tax assessment was arrived at without audit and on the basis of an estimate, there appears a substantial probability that Plaintiffs may prevail on their contentions that all or a part of the taxes assessed may not be owed.

In *Leiter*, the Supreme Court was concerned with the possibility of a conflict in the outcome of state and federal court proceedings.

"[S]ince the position of the United States is essentially a defensive one, we think that it should be permitted to choose the forum in this case, even though the state [action] has the elements of an action characterized as *quasi in rem*. We therefore hold that the District Court properly exercised its jurisdiction to entertain the suit in federal court and to prevent the effectuation of state court proceedings that might conflict with the ultimate court judgment." 352 U.S. at 228, 77 S.Ct. at 292, 1 L.Ed.2d at 274.

That same concern is present here, and where the federal government has a pecuniary interest in enjoining state collection proceedings, *United States v. Arlington County, Virginia*, 326 F.2d 929 (4th Cir. 1964), as where it is obligated by contract to reimburse its contractor for state taxes, *United States v. Department of Revenue of State of Illinois*, 191 F.Supp. 723 (D.Ill. 1961), that interest weighs heavily in favor of staying state proceedings seeking to impose taxes upon the contractor. Here the United States has alleged such an interest.

The subject matter of the contracts to be interpreted is a vehicle of the sovereign's implementation of a system of national defense, and the United States has alleged an interest which it is entitled to litigate in a forum of its choice.

IT IS ORDERED Plaintiffs' motion to stay is GRANTED. Defendants, and all persons in active concert or participation with them, are restrained from proceeding with the administrative tax proceedings initiated by the Defendant Tax Commissioner, pending a final determination in this case.[3]

---

**3.** The parties have advised the Court that the North Dakota State Tax Commissioner is proceeding with an audit relating to the claim of North Dakota for sales and use tax obligations against Western Electric Company. The stay herein in no way affects the auditing arrangement heretofore agreed to by Western Electric Company, nor preliminary steps which the State of North Dakota, through its tax commissioner, may take to ascertain the potential sales and use tax liability of Western Electric Company, arising out of the contracts in question in this proceeding.